Marc Voisenat (CSB# 170935)
1330 Broadway, Suite 1035
Oakland, Ca. 94612
Tel: (510) 272-9710
Fax: (510) 272-9158

Attorney for Debtors
Richard Souza Caporale
Isabel Ann Caporale

United States Bankruptcy Court

Northern District of California

| | |
|---|---|
| In re: | Case No.: 07-54109 |
| RICHARD SOUZA CAPORALE<br>ISABEL ANN CAPORALE | Adv. No |
| Debtors. | COMPLAINT FOR:<br>1. DECLARATORY RELIEF<br>2. INJUNCTIVE RELIEF<br>3. CANCELLATION OF INSTRUMENT<br>4. VIOLATION OF DISCHARGE INJUNCTION (11 U.S.C §523) . |
| RICHARD CAPORALE AND ISABEL CAPORALE<br>        Plaintiffs,<br>  vs.<br>SAXON MORTGAGE SERVICES INC., DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY, MSAC 2007-NC3 AND DOES 1-10<br>        Defendants. | |

- 1

Plaintiff RICHARD and ISABEL CAPORALE alleges as follows:

## JURISDICTION

1. This Adversary Proceeding is brought pursuant to Sections 105 and 523 of the Bankruptcy Code, 3201 et seq of the commercial code, Civil Code 2923.5 and Rules 7001 of the Federal Rules of Bankruptcy Procedures.

2. The United States District Court for the Northern District of California has jurisdiction over this proceeding pursuant to Section 157 of Title 28 of the United States Code.

3. The Claims for relief asserted herein arise under Section 105, 523, of the Bankruptcy Code, and arise in a Chapter 7 Case under Title 11 of the United States Code. This adversary proceeding is a core proceeding within the meaning of Section 157(b) of Title 28 of the United States Code.

4. Venue is proper in this district pursuant to Section 1409 of Title 28 of the United States Code.

## PARTIES

Plaintiff:

5. Plaintiff, RICHARD CAPORALE is an individual who at all times herein is the owner of 14943 Conway Ave, San Jose, California and resides in the County of Santa Clara Alameda.

6. Plaintiff, ISABEL CAPORALE is an individual who at all times herein is the owner of 14943 Conway Ave, San Jose, California and resides in the County of Santa Clara Alameda.

7. Plaintiffs will hereinafter be referred to as ("CAPORALE")

DEFENDANT:

8. Defendant SAXON MORTGAGE SERVICES INC. (Hereafter referred to as "SAXON") is a corporation doing business in the State of California, County of Santa Clara.

9. Defendant Deutsche Bank National Trust Company, as Trustee for Morgan Stanley, MSAC 2007-NC3 (Hereafter referred to as "DEUTSCHE") is an entity unknown to plaintiffs and doing business in the State of California, County of Santa Clara.

10. CAPORALE is ignorant of the true names and capacities and/or degrees of responsibility of defendants sued herein as DOES 1 - 10, and therefore, sue these defendants by such fictitious names. Plaintiffs will amend the complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiffs' losses as herein alleged were proximately caused by Defendants' conduct.

11. CAPORALE is informed and believes and thereon alleges that at all times mentioned herein that each defendant was the agent and/or employee of every other defendant and in doing the acts herein alleged, defendants, and each of them, were acting within the course and scope of that agency and/or employment and with the permission and consent of each other.

## GENERAL ALLEGATIONS

12. On February 23, 2007, CAPORALE executed a promissory note in favor of New Century Mortgage. (the "Note")

13. This note was secured by a Deed of Trust in favor of New Century Mortgage which was recorded on March 2, 2007. (the "Deed")

14. At the time the Note and Deed were executed, Mr. Caporale was 77 years of age and Mrs. Caporale was 72.

15. At the time the Note and Deed of Trust were executed, Mr. Caporale's only income was social security in the amount of $708.00 per month. Mrs. Caporale's only income was social security in the amount of $275.00 per month.

16. On August 11, 2007, Mortgage Electronic Registration Systems, as nominee for New

Century Mortgage Corporation transferred its interest in the Deed to Saxon Mortgage Services, Inc.

17. On August 17, 2007, Saxon Mortgage Services, Inc. transferred its interest in the Deed to Deutsche Bank National Trust Company, as Trustee for Morgan Stanley, MASC 2007-NC3.

18. On August 20, 2007, SAXON caused a Notice of Default to be recorded in the Office of the Santa Clara County Recorder.

19. On October 11, 2007, the assignment from MERS as nominee for New Century Mortgage Corporation assigning the underlying Deed to Saxon Mortgage Services, Inc. dated August 11, 2007 was recorded in the office of the Santa Clara County Recorder.

20. On December 10, 2007, CAPORALE filed a bankruptcy under chapter 13 of the United States Bankruptcy Code.

21. On April 28, 2008, Saxon transferred its interest in the Deed to Deutsche Bank Trust Company Americas formerly known as Banker's Trust Company, as Trustee and Custodian for Morgan Stanley, MASC 2007-NC3: BY Saxon Mortgage Services, Inc. F/K/A/ Meritech Mortgage Services, Inc. as its attorney-in-fact.

22. On August 26, 2008, the assignment from Saxon Mortgage Services, Inc. to Deutsche Bank National Trust Company, as Trustee for Morgan Stanley, MSAC 2007-NC3 dated August 17, 2007, was recorded in the office of the Santa Clara County Recorder.

23. On December 17, 2008, plaintiffs received their discharge.

24. On January 26, 2009, plaintiffs submitted in writing a request to defendants that defendants produce the Note. Defendant's produced a copy of the Note but have not produced or confirmed that they have possession of the original Note.

25. On or about February 13, 2009, defendants cause a Notice of Trustee Sale to be

- 4 -
Case: 09-05050, Doc# 2, Filed: 02/23/09, Entered: 02/23/09 15:50:12 Page 4 of 7

published.

26. The foreclosure sale is scheduled to take place on March 2, 2009.

27. Defendants have failed to comply with Civil Code Section 2923.5.

## FIRST CAUSE OF ACTION
[Declaratory Relief]

28. CAPORALE adopts and incorporates paragraphs 1-26 by reference

29. An actual controversy exists between defendants and CAPORALE concerning their respective rights and duties' regarding the February 23, 2007 Note described in paragraph 12 of the complaint (a) CAPORALE contends that the Note is unenforceable and the Deed of Trust clouds their title to the real property located at 14943 Conway Avenue, San Jose, California 95124. CAPORALE further contends that defendants do not have possession of the original promissory note and as a result, defendant's debt has been discharged in the plaintiff's chapter 7 proceeding. CAPORALE further contends that the Notice of Trustee Sale is defective in that defendant's failed to comply with the provisions of C.C. §2923.5, (b) Defendants contend that the deed of trust is enforceable notwithstanding the fact that there is no underlying promissory note. Defendants further contend that the debt has not been discharged and that defendant's complied with C.C. §2923.5.

30. CAPORALE desires a judicial determination and declaration of CAPORALE's and defendants respective rights and duties; specifically, that the February 23, 2007 deed of trust is ineffective and a legal nullity. That any debt claimed by defendants has been discharged and defendant's Notice of Trustee Sale is defective. A declaration is appropriate at this time so that CAPORALE may determine their rights and duties that are the subject of this dispute.

WHEREFORE, CAPORALE prays judgment as hereafter set forth

## SECOND CAUSE OF ACTION
[Injunctive Relief]

31. Plaintiff adopts paragraphs 1- 30 by reference.

32. Defendants have commenced a foreclosure action under the Note and have scheduled a

- 5 -

non-judicial sale for March 2, 2009. Said sale will cause Plaintiffs great and irreparable injury in that real property is unique.

33. The wrongful conduct of defendants, unless restrained and enjoined by an order of the court, will cause great and irreparable harm to Plaintiff. Plaintiff will not have the beneficial use and enjoyment of the property and will lose their home

34. Plaintiffs have no other plain, speedy or adequate remedy and the injunctive relief prayed for below is necessary and appropriate at this time to prevent irreparable loss to Plaintiff. Plaintiff has suffered and will continue to suffer in the future unless defendants' wrongful conduct is restrained and enjoined because real property is inherently unique and it is and will be impossible for Plaintiffs to determine the precise amount of damage Plaintiffs will suffer.

WHEREFORE Plaintiff prays judgment as hereafter set forth:

### THIRD CAUSE OF ACTION
### [Cancellation of Instrument]

35. Plaintiff adopts paragraphs 1-34 by reference.

36. A written instrument that purports to be a Deed of Trust executed by plaintiff is presently in existence and under defendant's control. A copy of the instrument is marked Exhibit A and attached hereto and incorporated in this complaint.

37. The instrument, although apparently valid on its face, is voidable in that there is no enforceable underlying promissory note for the deed of trust to secure.

38. As a result, any obligation owed by CAPORALE to defendants was discharged on December 11, 2009.

39. By this complaint, plaintiffs notify defendants of plaintiff's intent to cancel the deed of trust attached as Exhibit A.

Wherefore, plaintiff pray for judgment as hereinafter set forth.

WHEREFORE CAPORALE PRAYS AS FOLLOWS:

1. That the Court issue a Temporary Restraining Order, preliminary injunction restraining defendants, their agents, attorneys, representative, and all persons acting in concert or participating with them, from conducting a foreclosure sale on the real property located at 14943 Conway Avenue, San Jose, California 95124.

2. The Court issue a declaration or rights regarding the propriety of the Note and the Notice of Trustee Sale recorded against the Property; and

3. CAPORALE be awarded general damages in an amount according to proof; and

4. CAPORALE be awarded compensatory damages in an amount according to proof; and

5. That the Court declares the Deed of Trust attached hereto as Exhibit A is void.

6. That Plaintiffs recover their attorney's fees and costs in this action;

7. That the Court award all other appropriate relief the court deems just and proper.

Dated: 2/23/2009

/s/ Marc Voisenat
Marc Voisenat, Attorney for Plaintiffs Richard and Isabel Caporale

- 7 -