Marc Voisenat (CSB# 170935)
1330 Broadway, Suite 1035
Oakland, Ca. 94612
Tel: (510) 272-9710
Fax: (510) 272-9158

Attorney for Debtors
Richard Souza Caporale
Isabel Ann Caporale

United States Bankruptcy Court

Northern District of California

| | |
|---|---|
| In re:<br><br>RICHARD SOUZA CAPORALE<br>ISABEL ANN CAPORALE<br><br><br>　　　　　　Debtors.<br><br>_____<br>RICHARD CAPORALE AND ISABEL CAPORALE<br>　　　　Plaintiffs,<br><br>　　vs.<br><br>SAXON MORTGAGE SERVICES INC., DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY, MSAC 2007-NC3 AND DOES 1-10<br><br>　　　　Defendants.<br>_____ | Case No.: 07-54109<br><br>Adv. No 09-05050<br><br><br><br><br><br><br><br>**APPLICATION FOR A TEMPORARY RESTRAINING ORDER** |

- 1 -

**INTRODUCTION:**

Plaintiffs stand to lose their home due to the negligence of defendants beginning with the making of $930,000 loan to two senior citizens with a combined monthly income of $983.00, foreclosing on plaintiffs while they were protected by the automatic stay, failing to comply with state law and culminating with their failure to establish that they are in fact entitled to enforce the underlying deed of trust.

Wherefore, the plaintiff prays the Court grant his application and order defendants to establish that they perfected their security interest or declare the defendants debt discharged.

**FACTS IN SUPPORT:**

1. On February 23, 2007, CAPORALE executed a promissory note in favor of New Century Mortgage. (the "Note")

2. This note was secured by a Deed of Trust in favor of New Century Mortgage which was recorded on March 2, 2007. (the "Deed")

3. At the time the Note and Deed were executed, Mr. Caporale was 77 years of age and Mrs. Caporale was 72.

4. At the time the Note and Deed of Trust were executed, Mr. Caporale's only income was social security in the amount of $708.00 per month. Mrs. Caporale's only income was social security in the amount of $275.00 per month.

5. On August 11, 2007, Mortgage Electronic Registration Systems, as nominee for New Century Mortgage Corporation transferred its interest in the Deed to Saxon Mortgage Services, Inc.

6. There is no evidence in the public records that New Century Mortgage authorized MERS to act as its nominee.

7. On August 17, 2007, Saxon Mortgage Services, Inc. transferred its interest in the Deed to

Deutsche Bank National Trust Company, as Trustee for Morgan Stanley, MASC 2007-NC3.

8. On August 20, 2007, SAXON caused a Notice of Default to be recorded in the Office of the Santa Clara County Recorder.

9. On October 11, 2007, the assignment from MERS as nominee for New Century Mortgage Corporation assigning the underlying Deed to Saxon Mortgage Services, Inc. dated August 11, 2007 was recorded in the office of the Santa Clara County Recorder.

10. On December 10, 2007, CAPORALE filed a bankruptcy under chapter 13 of the United States Bankruptcy Code.

11. On April 28, 2008, Saxon transferred its interest in the Deed to Deutsche Bank Trust Company Americas formerly known as Banker's Trust Company, as Trustee and Custodian for Morgan Stanley, MASC 2007-NC3: BY Saxon Mortgage Services, Inc. F/K/A/ Meritech Mortgage Services, Inc. as its attorney-in-fact.

12. On August 26, 2008, the assignment from Saxon Mortgage Services, Inc. to Deutsche Bank National Trust Company, as Trustee for Morgan Stanley, MSAC 2007-NC3 dated August 17, 2007, was recorded in the office of the Santa Clara County Recorder.

13. On or about October 27, 2008 defendants conducted a non-judicial foreclosure sale without first obtaining relief from the automatic stay.

14. On December 17, 2008, plaintiffs received their discharge.

15. On January 26, 2009, plaintiffs submitted in writing a request to defendants that defendants produce the Note. Defendant's produced a copy of the Note but have not produced or confirmed that they have possession of the original Note.

16. On or about February 13, 2009, defendants cause a Notice of Trustee Sale to be published.

17. The foreclosure sale is scheduled to take place on March 2, 2009.

18. Defendants have failed to comply with Civil Code Section 2923.5.

## CONCLUSION

Before two senior citizens become homeless, defendants should demonstrate they have the right to enforce the underlying promissory note. There is nothing in the public record evidencing defendant's right to foreclose and they have not provided any evidence that they have perfected their security interest.

As such, plaintiff pray their application be granted until such time defendants can establish they have the right to enforce the underlying promissory note.

Dated: 2/24/2009

/s/ Marc Voisenat
Marc Voisenat, Attorney for Plaintiffs Richard and Isabel Caporale