| | |
|---|---|
| 1 | Desmond J. Hinds, Esq. (SBN: 105831) |
| | dhinds@hinshawlaw.com |
| 2 | David C. Hunter, Esq. (SBN: 208155) |
| | dhunter@hinshawlaw.com |
| 3 | HINSHAW & CULBERTSON LLP |
| | 11601 Wilshire Blvd., Suite 800 |
| 4 | Los Angeles, CA 90025 |
| | Telephone: 310-909-8000 |
| 5 | Facsimile: 310-909-8001 |
| 6 | **Attorneys for Defendants** |
| | SAXON MORTGAGE SERVICES INC.; |
| 7 | DUETSCHE BANK NATIONAL TRUST |
| | COMPANY AS TRUSTEE FOR |
| 8 | MORGAN STANLEY, MSAC 2007-NC3 |

FILED
AUG 12 2009

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In Re

RICHARD SOUZA CAPORALE
and ISABEL SOUZA CAPORALE,

Debtors.

---

RICHARD SOUZA CAPORALE
and ISABEL SOUZA CAPORALE,

Plaintiffs,

vs.

SAXON MORTGAGE SERVICES
INC., DUETSCHE BANK
NATIONAL TRUST COMPANY AS
TRUSTEE FOR MORGAN
STANLEY, MSAC 2007-NC3;
AND DOES 1-10,

Defendants.

**Adversary Case No. 09-05050**

(Related Chapter 7 Case No. 07-54109)

Assigned to Judge Arthur S. Weissbrodt

- **SUPPLEMENTAL BRIEF IN OPPOSITION TO APPLICATION FOR RESTRAINING ORDER**

- **DECLARATTION OF CHRISTOPHER M. TROMBLEY IN SUPPORT THEREOF**

- **DECLARATION OF DAVID HUNTER IN SUPPORT THEREOF**

- **REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF**

- **[PROPOSED] ORDER THEREON**

Date: August 31, 2009
Time: 2:15 p.m.
Courtroom: 3020

1

SUPPLEMENTAL BRIEF IN OPPOSITION TO APPLICATION FOR RESTRAINING ORDER

31143755v1 68313

Case: 09-05050, Doc# 46, Filed: 08/12/09, Entered: 08/13/09 16:40:12 Page 1 of 7

Defendants SAXON MORTGAGE SERVICES INC. and DUETSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR MORGAN STANLEY, MSAC 2007-NC3 (hereinafter "Defendants") submit the following Supplemental Brief in Opposition to the Application for Restraining Order filed by Debtors RICHARD SOUZA CAPORALE and ISABEL SOUZA CAPORALE (hereinafter "Plaintiffs"):

## I. SUMMARY.

The Temporary Restraining Order currently in place prohibiting the proposed foreclosure sale of the residence located at 14943 Conway Avenue, San Jose, California (the "Subject Property") must be lifted.

Plaintiffs' Adversary Complaint must be dismissed.

On May 28, 2009 the Court made it clear Defendants are to produce two (2) items: The original Promissory Note on Plaintiffs residence and proof of compliance with California *Civil Code* §2923.5 relating to the Notice of Sale recorded on February 11, 2009.

Defendants are in possession of the original Adjustable Rate Note dated February 23, 2007. Please see a true and correct color copy of this Adjustable Rate Note attached to the Declaration of David C. Hunter ("Hunter Declaration") **Exhibit A.**

A courtesy copy of this pleading is being delivered to the Court via overnight mail in order for the Court to review the blue ink signature on Page 5 of the Note, and the endorsement on the rear of Page 5.

Defense Counsel is prepared to fly up to San Jose for the hearing on this matter and present the original Note to the Court for inspection.

Defense Counsel also possesses the original Deed of Trust signed by Plaintiffs on February 23, 2007; the Adjustable Rate Rider signed by Plaintiffs on February 23, 2007; and Prepayment Rider (Adjustable Rate Loan) signed by Plaintiffs on February 23, 2007. Hunter Declaration, **Exhibit B.**

Defendants in fact contacted Plaintiffs numerous times to assess their financial situation and explore options to avoid foreclosure. Defendants worked with Plaintiffs and listed the residence as a

Short Sale. Please see a true and correct copy of the Saxon Mortgage Services Call Notes, attached to the Declaration of Christopher M. Trombley in support of this Opposition Brief ("Trombley Declaration") as **Exhibit A.** Plaintiffs authorized real estate agents to sell the Subject Property. Defendants also contacted Plaintiffs and attempted to work out a loan modification. Plaintiffs confirmed receipt of the loan modification package. Trombley Declaration, **Exhibit A**; Hunter Declaration ¶¶9-14.

Plaintiffs are not entitled to an injunction in this case. The Restraining Order currently in force must be lifted.

## II. THE CHAIN OF TITLE AND DEFENDANTS' RIGHT TO FORECLOSE ARE ESTABLISHED.

### A. Defendants Hold a Perfected Lien of Record in Plaintiffs' Residence.

Plaintiffs signed the Note on February 23, 2007. Complaint, Page 2 Lines 5-6, Request for Judicial Notice, **Exhibit A.** This promissory note was secured by a Deed of Trust made in favor of New Century Mortgage, also dated February 23, 2007. Complaint, Page 3 Lines 13-14; Application for Temporary Restraining Order, Declaration of Richard Caporale, Page 2, Lines 12-13; Request for Judicial Notice, **Exhibit B.**

Mortgage Electronic Registration Systems (MERS), as nominee for New Century Mortgage, assigned its interest in the Deed of Trust to Saxon Mortgage Services, Inc on August 11, 2007. This document was recorded on October 11, 2007. Complaint, Page 2 Lines 8-10; Application for Temporary Restraining Order, Declaration of Richard Caporale, Page 3, Lines 4-7.

Saxon Mortgage Services Inc. assigned its interest in the Deed of Trust to Duetsche Bank National Trust Co. as Trustee for Morgan Stanley MSAC 2007-NC3 On April 28, 2008. This Assignment was recorded on August 26, 2008. Complaint, Page 4 Lines 13-20; Application for TRO, Declaration of Richard Caporale, Page 3, Lines 10-17).

The Court's main concern at the May 28, 2009 hearing was whether or not Defendants have standing to foreclose on the Subject Property. As set forth above, the record is clear Defendants hold a perfected interest in both the Note and the Deed of Trust. The assignment of this lien has been

recorded. Defendants possess the original Note and Deed of Trust. Hunter Declaration, **Exhibits A** and **B**.

### B. Plaintiffs Received The Funds.

On March 1, 2007 Plaintiffs received the funds from New Century Financial. Please see the Settlement Statement dated March 1, 2007 attached to the Hunter Declaration as **Exhibit C**. The Settlement Statement indicates settlement charges to Borrower in the amount of $23,292.78 and a payoff to Santa Clara County (taxes) in the amount of $909.71 and payoff to Washington Mutual Bank for Loan #0698103637 in the amount of $887,415.55. Cash to borrower is listed as $18,381.98.

Also attached to the Hunter Declaration as **Exhibit D** is a former Settlement Statement dated May 24, 2006 n/o Richard Caporale. The lender was Long Beach Mortgage Company. The collateral was also 14943 Conway Avenue in San Jose and the loan amount was $850,000.00. This was a year before Defendant's predecessor in interest made its loan to Plaintiffs. In fact, a communication between the parties dated October 4, 2007 states:

> ". . . it is quite possible that Mr. & Mrs. Caporale may have been victims of predatory lending, **but that was a while back and had nothing to do with the loan with Saxon.**"

Please see a true and correct copy of correspondence from Debra Caporale fbo Plaintiffs to Saxon Mortgage Services Inc. dated October 4, 2007; and Response letter from Saxon dated November 5, 2007; Hunter Declaration, **Exhibits E** and **F**.

Here, Plaintiffs received the funds ($930,000.00) from Defendant's predecessor in interest. Almost all of the loan proceeds were used to pay off their pre-existing obligation to Washington Mutual. Plaintiffs thus received the benefit of the funds from New Century Mortgage, yet defaulted on the loan. Defendants, as holders of a perfected security interest in Plaintiffs' residence, should be allowed to foreclose. The preliminary injunction currently in place must be lifted.

4

## III. DEFENDANTS COMPLIED WITH CALIFORNIA CIVL CODE §2923.5.

California *Civil Code* §2923.5 requires a lender or its agent attempt to contact a defaulted borrower prior to foreclosure either, in person or by telephone, in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure.

This Court cited to *In re Morgan Austin* (February 14, 2009) 2009 Westlaw 780457 where the bankruptcy court found the legislation required lenders who had not yet recorded a Notice of Sale to attempt to negotiate with the debtor before recording a Notice of Sale.

In *Morgan Austin* the defendant lender Patelco relied on California *Civil Code* §2923.5(h)(3) which states "(h). Subdivisions (a), (c), and (g) shall not apply if any of the following occurs: . . . . (3) The borrower has *filed for bankruptcy*, and the proceedings have not been finalized." The Court in *Morgan Austin* also held

> "The Court has no way to determine the legislature's intent in this regard. It can only construe the statutory language as it would be commonly understood. Doing so, the Court finds Patelco's construction of the language more plausible. Therefore, the Court concludes that Patelco did not violate Cal. Civ.Code §2924.8 when it recorded the Notice of Sale without first attempting to negotiate with the Debtors".

*Morgan Austin*, 2009 Westlaw 780457 at Page 4.

Plaintiff Isabel Caporale declared "Since I *filed bankruptcy*, neither defendant has ever contacted me about modifying my loan". Declaration of Isabel Caporale in support of Application for Restraining Order dated February 24, 2009 at ¶5. Request for Judicial Notice, **Exhibit C**.

Plaintiff Richard Caporale declared "Saxon filed a declaration stating they contacted me on October 27, 2008. I deny that statement. I have never been contacted by defendants since I *filed bankruptcy* to this date." Declaration of Richard Caporale in support of Application for Restraining Order dated February 24, 2009 at ¶15. Request for Judicial Notice, **Exhibit B.**

Notwithstanding this exemption under California *Civil Code* §2923.5(h)(3), Defendants attempted to work things out with Plaintiffs.

Defendants in fact spoke with Defendants on October 27, 2008. Defendants also spoke to Plaintiffs' real estate agent and Plaintiffs' counsel. Hunter Declaration, ¶13; Call Notes, **Exhibit J.**

Defendants allowed the Subject Property to be placed on the market as an "S/S", or Short Sale. Hunter Declaration, Call Notes, **Exhibit G.** A true and correct copy of the Short Sale listing is attached as **Exhibit H.** Also known as a "real estate short pay-off" or a "pre-foreclosure workout", a Short Sale is an agreement with a lender to accept less than the amount owed by a borrower via a sale of the property to a third party. *With this agreement, the lender releases the borrower from the mortgage, thereby preventing foreclosure.*

Defendants tried to lower Plaintiffs payment and told them they could save $1,000 per month. Hunter Declaration ¶12, Call Notes, **Exhibit I.** Defendants discussed a loan modification with Plaintiffs several times, including November 7, 2008; Defendants requested a completed loan modification package on November 14, 2008; and Mrs. Caporale confirmed she received the loan modification packet on November 17, 2008. Hunter Declaration, ¶14, Call Notes, **Exhibit K.** *Loan Modification is a change in one or more of the terms of a borrower's loan, and results in a payment that the borrower can afford.*

Here, it is clear Defendants contacted Plaintiffs prior to recording the Notice of Sale on February 11, 2009 in order to assess their financial situation and explore options to avoid foreclosure as required under California *Civil Code* §2923.5.

## IV. CONCLUSION.

As set forth above, Plaintiffs are not entitled to an injunction in this case. The temporary injunction currently in force must be lifted. Plaintiff's Complaint must be dismissed.

Dated: August 11, 2009

HINSHAW & CULBERTSON LLP

By: _____
Desmond J. Hinds
David C. Hunter
Attorneys for Defendants
**SAXON MORTGAGE SERVICES INC.;
DUETSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE FOR MORGAN
STANLEY, MSAC 2007-NC3**

# PROOF OF SERVICE

## CAPORALE v. SAXON

### USBC (San Jose) Case No. 07-54109 (Adv. Case No. 90-5050)

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 11601 Wilshire Blvd., Suite 800, Los Angeles, CA 90025.

On August 12, 2009, I served the document entitled **SUPPLEMENTAL BRIEF IN OPPOSITION TO APPLICATION FOR RESTRAINING ORDER; DECLARATTION OF CHRISTOPHER M. TROMBLEY IN SUPPORT THEREOF; DECLARATION OF DAVID HUNTER IN SUPPORT THEREOF; REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF; [PROPOSED]ORDER THEREON** on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

**Marc Voisenat**
**LAW OFFICE OF MARC VOISENAT**
**1330 Broadway, Suite 1035**
**Oakland, CA 94612**
**Tel: (510) 272-9710**
**Fax: (510) 272-9158**

☐ **(BY MAIL):** I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ **(BY FACSIMILE TRANSMISSION):** I caused a true copy thereof from sending facsimile machine telephone number 310-909-8001 to be sent via facsimile to the above listed names and facsimile numbers and received confirmed transmission reports indicating that this document was successfully transmitted to the parties named above.

☒ **(VIA OVERNIGHT MAIL):** I deposited such envelope to be placed for collection and handling via UPS following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for UPS. On the same day that material is placed for collection, it is picked by UPS at Los Angeles, California.

☐ **(BY ELECTRONIC MAIL)** By transmitting a true copy thereof to the electronic mail addresses as indicated below.

I declare under penalty of perjury under the laws of the United States that the above true and correct and was executed on August 12, 2009, at Los Angeles, California.

*/s/ Robin Mojica*

ROBIN MOJICA