Desmond J. Hinds, Esq. (SBN: 105831)
dhinds@hinshawlaw.com
David C. Hunter, Esq. (SBN: 208155)
dhunter@hinshawlaw.com
HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
Telephone: 310-909-8000
Facsimile: 310-909-8001

**Attorneys for Defendants**
SAXON MORTGAGE SERVICES INC.;
DUETSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE FOR
MORGAN STANLEY, MSAC 2007-NC3

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In Re

RICHARD SOUZA CAPORALE
and ISABEL SOUZA CAPORALE,

Debtors.

RICHARD SOUZA CAPORALE
and ISABEL SOUZA CAPORALE,

Plaintiffs,

vs.

SAXON MORTGAGE SERVICES
INC., DUETSCHE BANK
NATIONAL TRUST COMPANY AS
TRUSTEE FOR MORGAN
STANLEY, MSAC 2007-NC3;
AND DOES 1-10,

Defendants.

**Adversary Case No. 09-05050**

(Related Chapter 7 Case No. 07-54109)

Assigned to Judge Arthur S. Weissbrodt

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF <u>SUPPLEMENTAL BRIEF</u> IN OPPOSITION TO APPLICATION FOR RESTRAINING ORDER**

Date: August 31, 2009
Time: 2:15 p.m.
Courtroom: 3020

Defendants SAXON MORTGAGE SERVICES INC., a Texas Corporation and DUETSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR MORGAN STANLEY, MSAC 2007-NC3 (hereinafter "Defendants") by and through counsel of record hereby requests the Court

1
REQUEST FOR JUDICIAL NOTICE

31146348v1 68313

take judicial notice of the following pursuant to Federal Rule of Evidence 201 and Federal Rule of Bankruptcy Procedure 9017:

1. Plaintiff's Adversary Complaint filed on February 23, 2009 attached hereto as **Exhibit A**.

2. Declaration of Richard Caporale in support of Application for Temporary Restraining Order filed February 24, 2009 attached hereto as **Exhibit B**.

3. Declaration of Isabel Caporale in support of Application for Temporary Restraining Order filed February 24, 2009 attached hereto as **Exhibit C**.

Dated: August 11, 2009

HINSHAW & CULBERTSON LLP

By: _____
Desmond J. Hinds
David C. Hunter
Attorneys for Defendants
**SAXON MORTGAGE SERVICES INC.;
DUETSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE FOR MORGAN
STANLEY, MSAC 2007-NC3**

Marc Voisenat (CSB# 170935)
1330 Broadway, Suite 1035
Oakland, Ca. 94612
Tel: (510) 272-9710
Fax: (510) 272-9158

Attorney for Debtors
Richard Souza Caporale
Isabel Ann Caporale

United States Bankruptcy Court

Northern District of California

| | |
|---|---|
| In re: | Case No.: 07-54109 |
| RICHARD SOUZA CAPORALE<br>ISABEL ANN CAPORALE | Adv. No |
| Debtors. | COMPLAINT FOR:<br>1. DECLARATORY RELIEF<br>2. INJUNCTIVE RELIEF<br>3. CANCELLATION OF INSTRUMENT<br>4. VIOLATION OF DISCHARGE INJUNCTION (11 U.S.C §523) |
| RICHARD CAPORALE AND ISABEL CAPORALE<br>Plaintiffs,<br>vs.<br>SAXON MORTGAGE SERVICES INC., DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY, MSAC 2007-NC3 AND DOES 1-10<br>Defendants. | |

- 1 -

Plaintiff RICHARD and ISABEL CAPORALE alleges as follows:

## JURISDICTION

1. This Adversary Proceeding is brought pursuant to Sections 105 and 523 of the Bankruptcy Code, 3201 et seq of the commercial code, Civil Code 2923.5 and Rules 7001 of the Federal Rules of Bankruptcy Procedures.

2. The United States District Court for the Northern District of California has jurisdiction over this proceeding pursuant to Section 157 of Title 28 of the United States Code.

3. The Claims for relief asserted herein arise under Section 105, 523, of the Bankruptcy Code, and arise in a Chapter 7 Case under Title 11 of the United States Code. This adversary proceeding is a core proceeding within the meaning of Section 157(b) of Title 28 of the United States Code.

4. Venue is proper in this district pursuant to Section 1409 of Title 28 of the United States Code.

## PARTIES

Plaintiff:

5. Plaintiff, RICHARD CAPORALE is an individual who at all times herein is the owner of 14943 Conway Ave, San Jose, California and resides in the County of Santa Clara Alameda.

6. Plaintiff, ISABEL CAPORALE is an individual who at all times herein is the owner of 14943 Conway Ave, San Jose, California and resides in the County of Santa Clara Alameda.

7. Plaintiffs will hereinafter be referred to as ("CAPORALE")

DEFENDANT:

8. Defendant SAXON MORTGAGE SERVICES INC. (Hereafter referred to as "SAXON") is a corporation doing business in the State of California, County of Santa Clara.

-2-

9. Defendant Deutsche Bank National Trust Company, as Trustee for Morgan Stanley, MSAC 2007-NC3 (Hereafter referred to as "DEUTSCHE") is an entity unknown to plaintiffs and doing business in the State of California, County of Santa Clara.

10. CAPORALE is ignorant of the true names and capacities and/or degrees of responsibility of defendants sued herein as DOES 1 - 10, and therefore, sue these defendants by such fictitious names. Plaintiffs will amend the complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiffs' losses as herein alleged were proximately caused by Defendants' conduct.

11. CAPORALE is informed and believes and thereon alleges that at all times mentioned herein that each defendant was the agent and/or employee of every other defendant and in doing the acts herein alleged, defendants, and each of them, were acting within the course and scope of that agency and/or employment and with the permission and consent of each other.

## GENERAL ALLEGATIONS

12. On February 23, 2007, CAPORALE executed a promissory note in favor of New Century Mortgage. (the "Note")

13. This note was secured by a Deed of Trust in favor of New Century Mortgage which was recorded on March 2, 2007. (the "Deed")

14. At the time the Note and Deed were executed, Mr. Caporale was 77 years of age and Mrs. Caporale was 72.

15. At the time the Note and Deed of Trust were executed, Mr. Caporale's only income was social security in the amount of $708.00 per month. Mrs. Caporale's only income was social security in the amount of $275.00 per month.

16. On August 11, 2007, Mortgage Electronic Registration Systems, as nominee for New

-3-

Century Mortgage Corporation transferred its interest in the Deed to Saxon Mortgage Services, Inc.

17. On August 17, 2007, Saxon Mortgage Services, Inc. transferred its interest in the Deed to Deutsche Bank National Trust Company, as Trustee for Morgan Stanley, MASC 2007-NC3.

18. On August 20, 2007, SAXON caused a Notice of Default to be recorded in the Office of the Santa Clara County Recorder.

19. On October 11, 2007, the assignment from MERS as nominee for New Century Mortgage Corporation assigning the underlying Deed to Saxon Mortgage Services, Inc. dated August 11, 2007 was recorded in the office of the Santa Clara County Recorder.

20. On December 10, 2007, CAPORALE filed a bankruptcy under chapter 13 of the United States Bankruptcy Code.

21. On April 28, 2008, Saxon transferred its interest in the Deed to Deutsche Bank Trust Company Americas formerly known as Banker's Trust Company, as Trustee and Custodian for Morgan Stanley, MASC 2007-NC3: BY Saxon Mortgage Services, Inc. F/K/A/ Meritech Mortgage Services, Inc. as its attorney-in-fact.

22. On August 26, 2008, the assignment from Saxon Mortgage Services, Inc. to Deutsche Bank National Trust Company, as Trustee for Morgan Stanley, MSAC 2007-NC3 dated August 17, 2007, was recorded in the office of the Santa Clara County Recorder.

23. On December 17, 2008, plaintiffs received their discharge.

24. On January 26, 2009, plaintiffs submitted in writing a request to defendants that defendants produce the Note. Defendant's produced a copy of the Note but have not produced or confirmed that they have possession of the original Note.

25. On or about February 13, 2009, defendants cause a Notice of Trustee Sale to be

- 4 -

published.

26. The foreclosure sale is scheduled to take place on March 2, 2009.

27. Defendants have failed to comply with Civil Code Section 2923.5.

## FIRST CAUSE OF ACTION
[Declaratory Relief]

28. CAPORALE adopts and incorporates paragraphs 1-26 by reference

29. An actual controversy exists between defendants and CAPORALE concerning their respective rights and duties' regarding the February 23, 2007 Note described in paragraph 12 of the complaint (a) CAPORALE contends that the Note is unenforceable and the Deed of Trust clouds their title to the real property located at 14943 Conway Avenue, San Jose, California 95124. CAPORALE further contends that defendants do not have possession of the original promissory note and as a result, defendant's debt has been discharged in the plaintiff's chapter 7 proceeding. CAPORALE further contends that the Notice of Trustee Sale is defective in that defendant's failed to comply with the provisions of C.C. §2923.5, (b) Defendants contend that the deed of trust is enforceable notwithstanding the fact that there is no underlying promissory note. Defendants further contend that the debt has not been discharged and that defendant's complied with C.C. §2923.5.

30. CAPORALE desires a judicial determination and declaration of CAPORALE's and defendants respective rights and duties; specifically, that the February 23, 2007 deed of trust is ineffective and a legal nullity. That any debt claimed by defendants has been discharged and defendant's Notice of Trustee Sale is defective. A declaration is appropriate at this time so that CAPORALE may determine their rights and duties that are the subject of this dispute.

WHEREFORE, CAPORALE prays judgment as hereafter set forth

## SECOND CAUSE OF ACTION
[Injunctive Relief]

31. Plaintiff adopts paragraphs 1- 30 by reference.

32. Defendants have commenced a foreclosure action under the Note and have scheduled a

-5-

non-judicial sale for March 2, 2009. Said sale will cause Plaintiffs great and irreparable injury in that real property is unique.

33. The wrongful conduct of defendants, unless restrained and enjoined by an order of the court, will cause great and irreparable harm to Plaintiff. Plaintiff will not have the beneficial use and enjoyment of the property and will lose their home

34. Plaintiffs have no other plain, speedy or adequate remedy and the injunctive relief prayed for below is necessary and appropriate at this time to prevent irreparable loss to Plaintiff. Plaintiff has suffered and will continue to suffer in the future unless defendants' wrongful conduct is restrained and enjoined because real property is inherently unique and it is and will be impossible for Plaintiffs to determine the precise amount of damage Plaintiffs will suffer.

WHEREFORE Plaintiff prays judgment as hereafter set forth:

### THIRD CAUSE OF ACTION
**[Cancellation of Instrument]**

35. Plaintiff adopts paragraphs 1-34 by reference.

36. A written instrument that purports to be a Deed of Trust executed by plaintiff is presently in existence and under defendant's control. A copy of the instrument is marked Exhibit A and attached hereto and incorporated in this complaint.

37. The instrument, although apparently valid on its face, is voidable in that there is no enforceable underlying promissory note for the deed of trust to secure.

38. As a result, any obligation owed by CAPORALE to defendants was discharged on December 11, 2009.

39. By this complaint, plaintiffs notify defendants of plaintiff's intent to cancel the deed of trust attached as Exhibit A.

Wherefore, plaintiff pray for judgment as hereinafter set forth.

-6-

WHEREFORE CAPORALE PRAYS AS FOLLOWS:

1. That the Court issue a Temporary Restraining Order, preliminary injunction restraining defendants, their agents, attorneys, representative, and all persons acting in concert or participating with them, from conducting a foreclosure sale on the real property located at 14943 Conway Avenue, San Jose, California 95124.

2. The Court issue a declaration or rights regarding the propriety of the Note and the Notice of Trustee Sale recorded against the Property; and

3. CAPORALE be awarded general damages in an amount according to proof; and

4. CAPORALE be awarded compensatory damages in an amount according to proof; and

5. That the Court declares the Deed of Trust attached hereto as Exhibit A is void.

6. That Plaintiffs recover their attorney's fees and costs in this action;

7. That the Court award all other appropriate relief the court deems just and proper.

Dated: 2/23/2009

/s/ Marc Voisenat
Marc Voisenat, Attorney for Plaintiffs Richard and Isabel Caporale

-7-

1 | Marc Voisenat (CSB# 170935)
  | 1330 Broadway, Suite 1035
2 | Oakland, Ca. 94612
  | Tel: (510) 272-9710
3 | Fax: (510) 272-9158

4 | Attorney for Debtors
  | Richard Souza Caporale
5 | Isabel Ann Caporale

6

7
                    United States Bankruptcy Court
8
                    Northern District of California
9

10 | In re:                                ) Case No.: 07-54109
                                           )
11 | RICHARD SOUZA CAPORALE                ) Adv. No 09-05050
   | ISABEL ANN CAPORALE                   )
12 |                                       ) **DECLARATION OF ISABEL CAPORALE**
                                           ) **IN SUPPORT OF APPLICATION FOR A**
13 |                                       ) **TEMPORARY RESTRAINING ORDER**
   |          Debtors.                     )
14 |                                       )
                                           )
15 |_____).
   | RICHARD CAPORALE AND ISABEL           ) Date:
16 | CAPORALE                              ) Time:
   |          Plaintiffs,                  ) Room:
17 |                                       )
   |     vs.                               )
18 |                                       )
   | SAXON MORTGAGE SERVICES INC.,         )
19 | DEUTSCHE BANK NATIONAL TRUST          )
   | COMPANY, AS TRUSTEE FOR MORGAN        )
20 | STANLEY, MSAC 2007-NC3 AND DOES 1-    )
   | 10                                    )
21 |                                       )
                                           )
22 |          Defendants.                  )
                                           )
23 |                                       )
   |_____)
24

25

- 1 -

I, Isabel Caporale, declare as follows

1. I am one of the plaintiffs in the above captioned matter. If called to testify, I could and would competently testify to those matters set forth below from my own personal knowledge.

2. On February 23, 2007, I executed a promissory note in favor of New Century Mortgage.

3. This note was secured by a Deed of Trust in favor of New Century Mortgage which was recorded on March 2, 2007.

4. At the time the Note and Deed were executed, I was 72 years of age and my income was social security in the amount of $275.00 per month.

5. Since I filed bankruptcy, neither defendant has ever contacted me about modifying my loan.

I declare under penalty of perjury that the foregoing is true and correct under the laws of the United States of America.

Dated: <u>February 24, 2009</u>

                                                              /s/IsabelCaporale
                                                              Isabel Caporale

```
 1  Marc Voisenat (CSB# 170935)
    1330 Broadway, Suite 1035
 2  Oakland, Ca. 94612
    Tel: (510) 272-9710
 3  Fax: (510) 272-9158

 4  Attorney for Debtors
    Richard Souza Caporale
 5  Isabel Ann Caporale

 6

 7
                            United States Bankruptcy Court
 8
                            Northern District of California
 9

10  In re:                              )   Case No.: 07-54109
                                        )
11  RICHARD SOUZA CAPORALE              )   Adv. No 09-05050
    ISABEL ANN CAPORALE                 )
12                                      )   **DECLARATION OF RICHARD
                                        )   CAPORALE IN SUPPORT
13                                      )   OFAPPLICATION FOR A TEMPORARY
              Debtors.                  )   RESTRAINING ORDER**
14                                      )
                                        )
15                                      )
    ────────────────────────────────
16  RICHARD CAPORALE AND ISABEL         )   Date:
    CAPORALE                            )   Time:
17            Plaintiffs,               )   Room:
                                        )
18       vs.                            )
                                        )
19  SAXON MORTGAGE SERVICES INC.,       )
    DEUTSCHE BANK NATIONAL TRUST        )
20  COMPANY, AS TRUSTEE FOR MORGAN      )
    STANLEY, MSAC 2007-NC3 AND DOES 1-  )
21  10                                  )
                                        )
22            Defendants.               )
                                        )
23                                      )
                                        )
24  ────────────────────────────────

25
```

- 1 -

I, Richard Caporale, declare as follows

1. I am the one of the debtors in the above captioned matter. If called to testify, I could and would competently testify to those matters set forth below from my own personal knowledge.

2. On February 23, 2007, I executed a promissory note in favor of New Century Mortgage. Attached as Exhibit 1 is true and correct copy of the Note is attached along with the letter from Wells Fargo Bank who supplied the copy.

3. This note was secured by a Deed of Trust in favor of New Century Mortgage which was recorded on March 2, 2007.

4. At the time the Note and Deed were executed, I was 77 years of age and my income was social security in the amount of $708.00 per month.

5. On August 11, 2007, Mortgage Electronic Registration Systems, as nominee for New Century Mortgage Corporation transferred its interest in the Deed to Saxon Mortgage Services, Inc. Attached as Exhibit 2 is a true and correct copy.

6. On August 17, 2007, Saxon Mortgage Services, Inc. transferred its interest in the Deed to Deutsche Bank National Trust Company, as Trustee for Morgan Stanley, MASC 2007-NC3. Attached as Exhibit 3 is a true and correct copy.

7. On August 20, 2007, SAXON caused a Notice of Default to be recorded in the Office of the Santa Clara County Recorder.

8. On October 11, 2007, the assignment from MERS as nominee for New Century Mortgage Corporation assigning the underlying Deed to Saxon Mortgage Services, Inc. dated August 11, 2007 was recorded in the office of the Santa Clara County Recorder.

9. On December 10, 2007, I filed a bankruptcy under chapter 13 of the United States Bankruptcy Code.

10. On April 28, 2008, Saxon transferred its interest in the Deed to Deutsche Bank Trust

-2-

Company Americas formerly known as Banker's Trust Company, as Trustee and Custodian for Morgan Stanley, MASC 2007-NC3: BY Saxon Mortgage Services, Inc. F/K/A/ Meritech Mortgage Services, Inc. as its attorney-in-fact. A true and correct copy is attached as Exhibit 4.

11. On August 26, 2008, the assignment from Saxon Mortgage Services, Inc. to Deutsche Bank National Trust Company, as Trustee for Morgan Stanley, MSAC 2007-NC3 dated August 17, 2007, was recorded in the office of the Santa Clara County Recorder.

12. On December 17, 2008, I received their discharge. A true and correct copy is attached as Exhibit 5.

13. On January 26, 2009, I submitted in writing a request to defendants that defendants produce the Note. Defendant's produced a copy of the Note but have not produced or confirmed that they have possession of the original Note. On or about February 13, 2009, defendants cause a Notice of Trustee Sale to be published. A true and correct copy is attached as Exhibit 6.

14. The foreclosure sale is scheduled to take place on March 2, 2009.

15. Saxon filed a declaration stating they contacted me on October 27, 2008, I deny that statement. I have never been contacted by defendants since I filed bankruptcy to this date. I am advised that on October 27, 2008, defendants had foreclosed on my house. Attached as Exhibit 7 is a document my daughter-in-law obtained from the foreclosure trustee's website which shows the status of foreclosure sale.

I declare under penalty of perjury that the foregoing is true and correct under the laws of the United States of America.

Dated: <u>February 24, 2009</u>

<u>/s/ Richard Caporale</u>
Richard Caporale



Corporate Trust Services
MAC N2702-011
9062 Old Annapolis Road
Columbia, MD 21045
410 884-2000
410 715-2380 Fax

Wells Fargo Bank, N.A.

February 4, 2009

Richard Souza Caporale
Isabel Ann Caporale
14943 Conway Avenue
San Jose, CA  95124

RE: correspondence requesting a copy of promissory note

Dear Mr. & Mrs. Caporale,

Enclosed is a copy of the promissory note you requested through Deutsche Bank.

Sincerely,

Kathleen A. Dean
Paralegal
410-884-2146