Marc Voisenat (CSB# 170935)
1330 Broadway, Suite 1035
Oakland, Ca. 94612
Tel: (510) 272-9710
Fax: (510) 272-9158

Attorney for Debtors
Richard Souza Caporale
Isabel Ann Caporale

United States Bankruptcy Court

Northern District of California

| | |
|---|---|
| In re: | Case No.: 07-54109 |
| RICHARD SOUZA CAPORALE<br>ISABEL ANN CAPORALE | Adv. No 09-05050 |
| Debtors. | |
| RICHARD CAPORALE AND ISABEL CAPORALE<br>Plaintiffs,<br>vs.<br>SAXON MORTGAGE SERVICES INC., DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY, MSAC 2007-NC3 AND DOES 1-10<br>Defendants. | **RESPONSE TO OPPOSITION TO APPLICATION FOR RESTRAINING ORDER**<br><br>Date: August 31, 2009<br>Time: 2:15 p.m.<br>Room: 3020 |

- 1

1. **INTRODUCTION**

The posture of this case has changed since the filing of the complaint and issuance of the preliminary injunction. Plaintiffs originally sought to enjoin defendants from foreclosing pursuant to a Notice of Trustee Sale recorded on recorded on or about February 3, 2009.

Despite an injunction issued by this court, defendants foreclosed on plaintiff's home on June 3, 2009. That sale was rescinded on July 15, 2009 and no new Notice of Trustee Sale has been recorded.

Plaintiff's now request that defendants be enjoined from recording a new Notice of Default until they comply with state law and prove they are entitled to enforce the underlying promissory note.

2. **ARGUMENT:**

    a. **The True Holder of the Underlying Promissory Note is Still Unknown**

Attached as Exhibit A to the declaration of David Hunter, is purportedly a copy of the original promissory note executed by the plaintiffs on February 23, 2007. There are at least two problems, first the Exhibit begins with page 2 of 5. Secondly, and more importantly, the document is not the same as the one Mr. Caporale contends is the correct copy of the promissory note which was attached as Exhibit 1 to his declaration filed on February 24, 2009 as docket entry number 7.[1] The promissory note attached to Exhibit 1 has three signatures and no endorsement.

The deed of trust securing the underlying note. is attached as Exhibit B to the declaration of David Hunter. Paragraph (E) of the deed of trust defines MERS as the beneficiary. However, the endorsement at the end of Exhibit A attached to the declaration of David Hunter is executed by New Century Mortgage Corporation and not MERS.

---

[1] Plaintiffs' joins defendants request that the Court take judicial notice of the declaration of Richard Caporale filed February 24, 2009.

- 2 -

Finally, the note is not endorsed to a bearer or identifiable person. To foreclose on the plaintiffs, defendants must have the right to enforce the promissory note. California Commercial Code section §3301 states:

> "Person entitled to enforce" an instrument means (a) the holder of the instrument, (b) a nonholder in possession of the instrument who has the rights of a holder, or (c) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3309 or subdivision (d) of Section 3418 …"

The California Commercial code defines a "holder" as:

> "(a) Unless the context otherwise requires, words or phrases defined in this section, or in the additional definitions contained in other divisions of this code that apply to particular divisions or chapters thereof, have the meanings stated.
> (b) Subject to definitions contained in other divisions of this code that apply to particular divisions or chapters thereof:
>
>   21) "Holder", means:
>
> (A) **the person in possession of a negotiable instrument that is payable either to bearer or, to an identified person that is the person in possession**; …" Cal.Com Code §1201(b)(21) {emphasis added}

Defendants have not established that they have the right to enforce the underlying promissory note. It is still unknown to plaintiff whose has the right to enforce this note.

### b. The Original Lender Filed Bankruptcy Shortly After the Promissory Note was Executed by the Plaintiffs

The deed of trust securing the promissory note was recorded on March 2, 2007. Just one month later, the original holder of the underlying promissory note, New Century Mortgage, filed bankruptcy. See In re New Century TRS Holding, Inc (Del 7-2-2008).[2] The underlying note was not transferred to defendants until August 11, 2007. (Caporale Dec Exh 2) Thus the underlying promissory note became property of that estate on April 2, 2007. Counsel for plaintiff was unable to find any court order authorizing the post petition transfer or sale from the debtor, New

---

[2] A copy of this opinion is attached to the declaration of Marc Voisenat as Exhibit A

Century Mortgage Company, to defendants. Counsel also requested that defendant's counsel provide a copy of any order authorizing the transfer. To date, none has been provided.

Moreover, Exhibit B to the declaration of David Hunter does show that the underlying note was sold prior to the bankruptcy filing of New Century Mortgage Corporation.

Defendant ought to prove they are entitled to enforce the underlying note before being allowed to foreclose on plaintiffs.

c. **If Defendants Are Entitled to Enforce the Underlying Promissory Note, They Must Comply With Civil Code § 2923.5(a)(1)**

Section 2923.5(a)(1). of the Civil Code now provides:

"(a)(1) A mortgagee, trustee, beneficiary, or authorized agent may not file a notice of default pursuant to Section 2924 until 30 days after contact is made as required by paragraph (2) or 30 days after satisfying the due diligence requirements as described in subdivision (g)"

The exception to this rule is set forth in §2923.5(c) which states:

"(c) If a mortgagee, trustee, beneficiary, or authorized agent had already filed the notice of default prior to the enactment of this section and <u>did not subsequently file a notice of rescission</u>, then the mortgagee, trustee, beneficiary, or authorized agent shall, as part of the notice of sale filed pursuant to Section 2924f, include a declaration that either:

(1) States that the borrower was contacted to assess the borrower's financial situation and to explore options for the borrower to avoid foreclosure.

(2) Lists the efforts made, if any, to contact the borrower in the event no contact was made." C.C. §2923.5(c) {Emphasis added}

- 4 -

This exception no longer applies to defendants as they recorded a Notice of Recission on July 15, 2009. As such, defendants must comply with Civil Code 2923.5(a)(1) before recording a new Notice of Default.

**Defendants Call Notes Are Hearsay[3] and Insufficient to Satisfy Civil Code §2923.5**

The Call Notes are insufficient as C.C. 2923.5 requires a declaration. The only declaration filed was that of Shari Landram who declared: (Caporale Dec Exh 6)

"On 10/27/2008 contact was made with RICHARD CAPORALE to assess their financial situation and to explore options for the borrower to avoid foreclosure …"

Notwithstanding the declaration of Shari Landram, there was contact made with the Caporales, though not for the reasons set forth in Ms. Landrum's declaration. According to the call notes, on October 27, 2008 it appears that the plaintiffs were desperately trying to convince the defendants not to violate the automatic stay. Their pleas were of no avail as the foreclosure took place and reverted to defendants. : (Caporale Dec Exh 7)

Clearly, defendants have little regard for court orders as they have conducted two foreclosure sales since the plaintiffs filed bankruptcy. Defendants should be required to start the process over and comply with this courts orders and state law.

Dated: August 21, 2009

/s/ Marc Voisenat
Marc Voisenat, Attorney for Plaintiffs

---

[3] Plaintiffs object to Exhibit A attached to the declaration of Christopher M. Trombley on the basis of hearsay F.R.E. 801

- 5 -

# PROOF OF SERVICE

I am over the age of 18 and not a party to the within action; my business address is 1330 Broadway, Suite 1035, Oakland, California 94612

On August 22, 2009, I served the foregoing document described as: **RESPONSE TO OPPOSITION TO APPLICATION FOR RESTRAINING ORDER** on the interested parties via facsimile and by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland addressed as follows:

David C. Hunter, Esq.
11601 Wilshire Blvd., Suite 800
Los Angeles, Ca. 90025

I declare, under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

Executed on <u>August 22, 2009</u> at Oakland, California.

/s/ Marc Voisenat
Marc Voisenat, Attorney for Plaintiffs