Desmond J. Hinds, Esq. (SBN: 105831)
dhinds@hinshawlaw.com
David C. Hunter, Esq. (SBN: 208155)
dhunter@hinshawlaw.com
HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
Telephone: 310-909-8000
Facsimile: 310-909-8001

Attorneys for Defendants
SAXON MORTGAGE SERVICES INC.;
DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE FOR
MORGAN STANLEY, MSAC 2007-NC3

FILED SEP 15 2009
CLERK
United States Bankruptcy Court
San Jose, California

FAXED COPY

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

In Re

RICHARD SOUZA CAPORALE
and ISABEL SOUZA CAPORALE,

Debtors.

---

RICHARD SOUZA CAPORALE
and ISABEL SOUZA CAPORALE,

Plaintiffs,

vs.

SAXON MORTGAGE SERVICES
INC., DEUTSCHE BANK
NATIONAL TRUST COMPANY AS
TRUSTEE FOR MORGAN
STANLEY, MSAC 2007-NC3;
AND DOES 1-10,

Defendants.

Adversary Case No. 09-05050

(Related Chapter 7 Case No. 07-54109)

Assigned to Judge Arthur S. Weissbrodt

- **SECOND SUPPLEMENTAL BRIEF IN OPPOSITION TO APPLICATION FOR RESTRAINING ORDER**

- **DECLARATION OF DAVID HUNTER IN SUPPORT THEREOF**

Date: October 9, 2009
Time: 2:15 p.m.
Courtroom: 3020

Defendants SAXON MORTGAGE SERVICES INC. and DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR MORGAN STANLEY, MSAC 2007-NC3 (hereinafter "Defendants") submit their Second Supplemental Brief in Opposition to the Application for

1
SECOND SUPPLEMENTAL BRIEF IN OPPOSITION TO
APPLICATION FOR RESTRAINING ORDER

31148835v1 68313

Restraining Order filed by Debtors RICHARD SOUZA CAPORALE and ISABEL SOUZA CAPORALE (hereinafter "Plaintiffs"):

## I. SUMMARY.

At the last hearing on August 31, 2009 Defendants proved to the Court's satisfaction that Defendants had standing to foreclose on Plaintiffs' residence located at 14943 Conway Avenue, San Jose, California (the "Subject Property") and complied with California *Civil Code* §2923.5 relating to the Notice of Sale recorded on February 11, 2009.

Plaintiffs then raised the argument that "The True Holder of the Underlying Promissory Note is Still Unknown". Plaintiffs' Response to Opposition to Application for Restraining Order, dated August 22, 2009.

First, Morgan Stanley received the Note from New Century pursuant to a Court-approved sale. Second, DeutscheBank, as Trustee of the Morgan Stanley Trust [MSAC 2007-NC3] is the "True Holder of the Note" as a matter of law.

Again, Plaintiffs are not entitled to an injunction in this case. The Restraining Order currently in force must be lifted. Plaintiffs' case in chief is based solely upon these claims to deficiencies in standing to foreclose – all of which have been addressed.

## II. MORGAN STANLEY ACQUIRED THE NOTE IN THE BANKRUPTCY COURT.

On April 2, 2007 New Century TRS Holdings, Inc. filed for Chapter 11 protection in the U.S. Bankruptcy Court, District of Delaware (Delaware), Case No. 07-10416-KJC. New Century filed a Motion for approval of the sale of its assets to Carrington Capital Management LLC and Carrington Mortgage Services. The Motion was <u>approved</u>. The Order reads as follows:

> "The Court having entered an order on April 20, 2007 approving the bidding procedures..." [Order, Page 2];
>
> "and **New Century, on behalf of the Debtors and after consultation with its professionals and the Committee and its professionals, having determined that the bid of Morgan Stanley was the highest and best Qualified Topping Bid . . .**" [Order, Page 3];

2

SECOND SUPPLEMENTAL BRIEF OPPOSITION APPLICATION FOR RESTRAINING ORDER

"and Carrington subsequently having prevailed at the auction as ultimately having the highest and otherwise best bid for the Servicing business…" [Order, Page 3];

"IT IS HEREBY FOUND AND DETERMINED THAT" [Order, Page 4];

"The billing procedures have been complied with in all material respects by New Century, on behalf of the Sellers, and Carrington." [Order, Page 6, ¶H.];

**The transfers of the Purchased Assets of any by the Debtors to Carrington or one or more of its designees are legal, valid and effective transfers and shall vest Carrington or its designees with all right, title and interest of the Debtors (i.e. New Century) in and to the Purchased Assets pursuant to Section 363(f) of the Bankruptcy Code, free and clear . . ."** [Order, Page 12, ¶3.];

This Order is signed by the Honorable Kevin J. Carey on May 23, 2007 at Page 28. A true and correct copy of the Order Approving (i) The Sale of Debtors' Servicing Business to Carrington Capital Management, LLC and Carrington Mortgage Services, LLC Pursuant to the Second Amended and Restated Asset Purchase Agreement, Dated as of May 21, 2007, Free and Clear of Liens, Claims, Encumbrances, and Interests, and (ii) The Assumption and Assignment of Certain Executory Contracts and Unexpired Leases to Carrington as Part of Such Sale entered May 23, 2009 is attached to the Hunter Declaration as **Exhibit A.**

How does this track to the loan at issue, the note held by the Morgan Stanley Trust MSAC 2007-NC3? New Century was the originator of the loan. [Prospectus, Page S-31.] New Century filed for bankruptcy on April 2, 2007 and continued to operate as a Debtor in possession. [Prospectus, Page S-38.] On May 16, 2007 New Century entered into a Second Amended and Restated Asset Purchase Agreement (referenced by the Order, above) and the bankruptcy court approved the sale. [Prospectus, Page S-41.] The Depositor is Morgan Stanley ABS Capital I, Inc. and the Issuing Entity is Morgan Stanley ABS Capital I, Inc. Trust 2007-NC3. [Prospectus, Page S-51.]

A true and correct copy of the Prospectus Supplement, Mortgage Pass Through Certificates, Series 2007-NC3 (Morgan Stanley ABS Capital I Inc. Trust 2007-NC3) is attached to the Hunter Declaration as **Exhibit B**.

Morgan Stanley purchased this loan as an asset sold by New Century Financial pursuant to an Order signed by Judge Kevin J. Carey. DeutscheBank National Trust Company is the Trustee and Saxon is the loan servicer. [Prospectus, Page S-7.] Hunter Declaration, **Exhibit B**.

As the Note was transferred per Court order, Defendants are entitled to foreclose.

### III. DEFENDANTS ARE THE TRUE HOLDERS OF THE NOTE AS A MATTER OF LAW.

At the August 31, 2009 hearing on this matter Defense Counsel flew up with the original promissory note in hand. He offered it to the Court for inspection and allowed Plaintiffs' counsel to inspect the same. He pointed out the back of the promissory note had a blank endorsement. Indeed, Defense counsel was hypersensitive about this as this makes the Note a "bearer bond"- the holder is the "owner" and can negotiate the instrument.

Negotiation", a term defined in section 3201 of the California *Commercial Code* is the process of transferring the ownership of a note to gain and preserve certain benefits not otherwise available to a transferee of contract rights. Such a transferee may enjoy the status of "holder in due course", as specified in California *Commercial Code* §3201 (and UCC §3-302), which exempts the transferee (and any subsequent holder in due course) from virtually all defenses assertable by the debtor against the original payee. California *Commercial Code* §3305; UCC §3-305.

California *Commercial Code* §3201 (and UCC §3-302) provide in identical language:

> (a) **"Negotiation"** means a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder.
>
> (b) ... if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its indorsement by the holder. If an instrument is payable to bearer, it may be negotiated by transfer of possession alone.

4
SECOND SUPPLEMENTAL BRIEF OPPOSITION TO APPLICATION FOR RESTRAINING ORDER

Case: 09-05050   Doc# 52   Filed: 09/08/09   Entered: 09/08/09 09:47:42   Page 4 of 7

The California *Commercial Code* (and the UCC) provide for two types of indorsements, a "special indorsement" and a "blank indorsement." A special indorsement is made by the holder of a note and specifies a person to whom the instrument is payable. Upon delivery of the note to the new payee, that payee becomes the new owner and a holder in due course. California *Commercial Code* §3305; UCC §3-205(a).

Alternatively, if the indorsement does not specify a payee, it constitutes a "blank indorsement," as defined in California *Commercial Code* §3205(b) (UCC § 3-205(b)), which <u>makes the note payable to whoever is the bearer of the note</u>. In this respect, a bearer note is much like a dollar bill (or any other currency). After a blank indorsement, the note may be negotiated by transfer of <u>possession alone</u> until it is specially indorsed. *See id.; In re Lee* (Bkrtcy.C.D.Cal, January 26, 2009) 408 B.R. 893.

A typical indorsement on a check consists simply in the signing of the name of the payee on the back of the check. Such an indorsement is a "blank indorsement," which converts the check into a bearer instrument which, like cash, may be negotiated by transfer of possession alone. See Commercial Code §3205(b) (UCC §3205(b)). If the note is indorsed in blank, it then becomes payable to bearer, and can be negotiated thereafter simply by delivery (just like cash).

Moreover, "Holder" is a defined term in the California *Commercial Code* (and the UCC). At §1201(2) (UCC § 1-201(2)) provides in relevant part:

> **"Holder,"** with respect to a negotiable instrument, means the person in possession if the instrument is payable to bearer or, in the case of an instrument payable to an identified person, if the identified person is in possession.

In this case, Defendants are the bearers of the note and presented it for inspection to the Court. Please see a true and correct copy of this indorsement, previously submitted to the Court, attached to the Hunter Declaration as **Exhibit C.** Defendants are the "True Holders of The Note" under the California *Commercial Code* and the UCC.

## IV. CONCLUSION.

As set forth above, Plaintiffs are not entitled to an injunction in this case. The temporary injunction currently in force must be lifted. Plaintiff's Complaint must be dismissed.

Dated: September 15, 2009

HINSHAW & CULBERTSON LLP

By: _____
Desmond J. Hinds
David C. Hunter
Attorneys for Defendants
**SAXON MORTGAGE SERVICES INC.;
DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE FOR MORGAN
STANLEY, MSAC 2007-NC3**

# PROOF OF SERVICE

## CAPORALE v. SAXON

### USBC (San Jose) Case No. 07-54109 (Adv. Case No. 90-5050)

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 11601 Wilshire Blvd., Suite 800, Los Angeles, CA 90025.

On September 15, 2009, I served the document entitled <u>SECOND SUPPLEMENTAL BRIEF IN OPPOSITION TO APPLICATION FOR RESTRAINING ORDER; DECLARATTION OF CHRISTOPHER M. TROMBLEY IN SUPPORT THEREOF; DECLARATION OF DAVID HUNTER IN SUPPORT THEREOF; [PROPOSED]ORDER THEREON</u> on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

**Marc Voisenat**
**LAW OFFICE OF MARC VOISENAT**
**1330 Broadway, Suite 1035**
**Oakland, CA 94612**
**Tel: (510) 272-9710**
**Fax: (510) 272-9158**

☐ **(BY MAIL):** I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ **(BY FACSIMILE TRANSMISSION):** I caused a true copy thereof from sending facsimile machine telephone number 310-909-8001 to be sent via facsimile to the above listed names and facsimile numbers and received confirmed transmission reports indicating that this document was successfully transmitted to the parties named above.

☒ **(VIA OVERNIGHT MAIL):** I deposited such envelope to be placed for collection and handling via UPS following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for UPS. On the same day that material is placed for collection, it is picked by UPS at Los Angeles, California.

☐ **(BY ELECTRONIC MAIL)** By transmitting a true copy thereof to the electronic mail addresses as indicated below.

I declare under penalty of perjury under the laws of the United States that the above true and correct and was executed on September 15, 2009, at Los Angeles, California.

*/s/ Robin Mojica*

ROBIN MOJICA

7

Case: 09-05050   Doc# SECOND SUPPLEMENTAL BRIEF OPPOSITION TO   09/16/09 09:47:42   Page 7 of 7
APPLICATION FOR RESTRAINING ORDER