Marc Voisenat (CSB# 170935)
1330 Broadway, Suite 1035
Oakland, Ca. 94612
Tel: (510) 272-9710
Fax: (510) 272-9158

Attorney for Debtors
Richard Souza Caporale
Isabel Ann Caporale

United States Bankruptcy Court

Northern District of California

| | |
|---|---|
| In re:<br><br>RICHARD SOUZA CAPORALE<br>ISABEL ANN CAPORALE<br><br><br>Debtors.<br>_____<br>RICHARD CAPORALE AND ISABEL CAPORALE<br>       Plaintiffs,<br><br>  vs.<br><br>SAXON MORTGAGE SERVICES INC., DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY, MSAC 2007-NC3 AND DOES 1-10<br><br>       Defendants. | Case No.: 07-54109<br><br>Adv. No 09-05050<br><br>.<br><br><br><br><br><br>**RESPONSE TO OPPOSITION TO APPLICATION FOR RESTRAINING ORDER**<br><br>Date: October 9, 2009<br>Time: 2:15 p.m.<br>Room: 3020 |

- 1

1. **ARGUMENT:**

    a. **Defendants Should Be Held In Contempt For Violating This Court's Order For a Second Time**

    On July 16, 2009, a hearing was held pursuant to an Order to Show Cause because defendants conducted a foreclosure sale in violation of this court's injunction. Defendants eventually rescinded that sale. However, on August 31, 2009, defendants once again violated this court's order and published a new Notice of Trustee Sale (Caporale Dec Exh 4 ). This is the third time since plaintiffs filed bankruptcy that defendant's have defied an injunction and conducted a foreclosure sale.

    More disturbing is the fact the defendants failed to comply with Civil Code Section 2923.5(a)(1). of the Civil Code now provides:

    "(a)(1) A mortgagee, trustee, beneficiary, or authorized agent may not file a notice of default pursuant to Section 2924 until 30 days after contact is made as required by paragraph (2) or 30 days after satisfying the due diligence requirements as described in subdivision (g)"

    The exception to this rule is set forth in §2923.5(c ) which states:

    "(c) If a mortgagee, trustee, beneficiary, or authorized agent had already filed the notice of default prior to the enactment of this section and <u>did not subsequently file a notice of rescission</u>, then the mortgagee, trustee, beneficiary, or authorized agent shall, as part of the notice of sale filed pursuant to Section 2924f, include a declaration that either:

    (1) States that the borrower was contacted to assess the borrower's financial situation and to explore options for the borrower to avoid foreclosure.

(2) Lists the efforts made, if any, to contact the borrower in the event no contact was made." C.C. §2923.5( c) {Emphasis added}

This exception no longer applies to defendants as they recorded a Notice of Rescission on July 15, 2009. As such, defendants were required to comply with Civil Code 2923.5(a)(1) before recording a new Notice of Default.

Instead they filed a new Notice of Trustee Sale and relied on the declaration that this court found failed to comply with C.C. §2923.5. (Req Jud. Not. Transcript 15:15-18). [1]

Defendants conduct in this matter should not go unpunished.

b. **New Century Never Transferred the Promissory Note Dated February 23, 2007 to Anyone Much Less Defendants**

At the last hearing, the defendants were given the task of showing that the promissory note executed in favor of New Century was properly transferred to defendants pursuant to a court order. There has never been as assignment from New Century to defendants. The transfer in which Saxon claims an interest is the Assignment of Deed of Trust executed August 11, 2007 in which Mortgage Electronic Registration Systems Inc. (MERS), as Nominee for New Century Mortgage Corporation, assigned the underlying promissory note to Saxon.

Several Courts, both state and bankruptcy, have held that the deed of trust does not give MERS authority to transfer the underlying promissory note on behalf of New Century. See In re Wilhelm, 407 B.R. 392 (Bankr.D.Idaho 7-7-2009) citing Saxon Mortgage Servs. v. Hillery, 2008 WL 5170180, (N.D. Cal. Dec. 9, 2008); Bellistri v. Ocwen Loan Servicing, LLC, 284 S.W.3d 619, 623 (Mo. Ct. App. Mar. 3, 2009); Cf. also In re Vargas, 396 B.R. at 517 ("MERS presents

---

[1] Plaintiffs dispute defendants contention that the Court found that defendants complied with Civil Code §2923.5 at the August 31, 2009 hearing.

no evidence as to who owns the note, or of any authorization to act on behalf of the present owner.")

In a recent Kansas Supreme Court decision, <u>Landmark National Bank v. Kesler</u>, __ P.3d __, 2009 WL 2633640 (Kan 2009), the Supreme Court analyzed that paragraph in the deed of trust that defines MERS and its role. The language in the Kesler deed of trust is almost identical to the language in the Caporale deed of trust. It states:

"Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Agreement; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any and all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or cancelling this Security Agreement" (Req. Judicial Note Exh 2 pg 3). There, as here, MERS was not given the right to assign the note and deed of trust. The Supreme Court noted that MERS had argued in another forum that it was not authorized to transfer mortgages. See <u>Mortgage Elec. Reg. Sys. v. Nebraska Dept. of Banking</u>, 270 Neb. 529, 704 N.W.2d 784 (2005).

In the case *sub judice*, defendants attempt to "connect the dots" by asserting the Order attached to Mr. Hunter's declaration as Exhibit "A", somehow authorized New Century to transfer the Caporale loan to Morgan Stanley. The documents simply do not support that conclusion.

First, the "Order Approving (1) The Sale of Debtors' Servicing Business to Carrington Capital Management, LLC and Carrington Mortgage Services, LLC Pursuant to the Second Amended and Restated Asset Purchase Agreement , Dated as of May 21, 2007, Free and Clear of Liens, Claims, Encumbrances, and Interest, and (ii) The Assumption and Assignment of Certain Executory Contracts and Unexpired Leases to Carrington as Part of Such Sale entered May 23, 2009" states that the sale is approved pursuant a Second Amended and Restated Asset Purchase Agreement , Dated as of May 21, 2007. (the "Agreement") This Agreement was not attached to Mr. Hunter's declaration.

However, the relevant portions of that document are attached to the declaration of Steven Davis. (Davis Dec Exh 1). The Agreement is between Carrington and New Century. The

- 4 -

Agreement defines "Mortgage Loans" as "any residential mortgage loan … secured by a lien on real property … included in or relating to the RMBS …" (Agreement pg 12)  The Agreement defines RMBS and sets forth the residential mortgage-back securities that are part of the Agreement. (Agreement 15-16) Not included is the Caporale loan which is alleged to be part of the "Mortgage Pass-Through Certificated, Series 2007-NC3"

The "Purchased Assets" are set forth in Article II of the Agreement (Agreement pgs 21-22).  There is no indication that the Caporale note and deed of trust was part of the "Purchased Assets".

Section 13.12 defines how the "rights, interest, or obligation" of the parties shall be assigned.  There is no indication that MERS is given any right to assign the interest New Century has in the Caporale note and deed of trust. (Agreement pg 70)

Defendants have failed to demonstrate how New Century transferred its interest in the Caporale note and deed of trust pursuant to court order.

Dated:  September 28, 2009

/s/ Marc Voisenat
Marc Voisenat, Attorney for Plaintiffs

# PROOF OF SERVICE

I am over the age of 18 and not a party to the within action; my business address is 1330 Broadway, Suite 1035, Oakland, California 94612

On September 29, 2009, I served the foregoing document described as: **RESPONSE TO OPPOSITION TO APPLICATION FOR RESTRAINING ORDER; REQUEST FOR JUDICIAL NOTICE, DECLARATIONS OF STEVE DAVIS AND RICHARD CAPORALE IN SUPPORT THEREOF** on the interested parties via facsimile and by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland addressed as follows:

David C. Hunter, Esq.
11601 Wilshire Blvd., Suite 800
Los Angeles, Ca. 90025

I declare, under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

Executed on <u>September 29, 2009</u> at Oakland, California.

      /s/ Marc Voisenat
      Marc Voisenat, Attorney for Plaintiffs