Desmond J. Hinds, Esq. (SBN: 105831)
dhinds@hinshawlaw.com
Gary E. Devlin, Esq. (SBN: 210517)
gdevlin@hinshawlaw.com
HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
Telephone: 310-909-8000
Facsimile: 310-909-8001

Attorneys for Defendants
**SAXON MORTGAGE SERVICES INC.;
DUETSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE FOR MORGAN
STANLEY, MSAC 2007-NC3**

FILED
NOV 09 2009
CLERK
United States Bankruptcy Court
San Jose, California

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| In Re<br><br>RICHARD SOUZA CAPORALE and ISABEL SOUZA CAPORALE,<br><br>Debtors. | **Adv. Case No. 09-05050**<br>[Hon. Arthur S. Weissbrodt; Courtroom "3020"]<br><br>(Related Chapter 7 Case No. 07-54109) |
| RICHARD SOUZA CAPORALE and ISABEL SOUZA CAPORALE,<br><br>Plaintiffs,<br><br>vs.<br><br>SAXON MORTGAGE SERVICES INC., DUETSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR MORGAN   STANLEY, MSAC 2007-NC3;   AND DOES 1-10,<br><br>Defendants. | **BRIEF OF DEFENDANTS RE DOCUMENTATION FOR THE TRANSFFER OF THE SUBJECT PROMISSORY NOTE AND DEED OF TRUST TO DEFENDANTS; DECLARATION OF MATTHEW W. GREY AND EXHIBITS IN SUPPORT THEREOF**<br><br>DATE:    NOVEMBER 23, 2009<br>TIME:    2:15 P.M.<br>CRTRM:  "3020" |

///
///
///
///

1

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Defendants SAXON MORTGAGE SERVICES INC. and DUETSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR MORGAN STANLEY, MSAC 2007-NC3 (hereinafter "Defendants"), hereby submit the instant Brief concerning the documentation for the Promissory Note and Deed of Trust secured by the Debtors' residence located at 14943 Conway Avenue, San Jose, California (the "subject property"), as requested by the Court at the hearing on October 9, 2009 before the Honorable Arthur S. Weissbrodt:

## I. PRELMINARY STATEMENT

At the October 9, 2009 hearing, Counsel for Defendants informed the Court that it was in possession or the original promissory note. The Court ordered counsel and Debtors RICHARD SOUZA CAPORALE and ISABEL SOUZA CAPORALE (hereinafter "Plaintiffs" or the "Caporales"), who were present, to review the note and advise the Court if they had any objections as to the authenticity of the note or the appearance of their signatures on the note. Plaintiffs confirmed that their signatures appeared on the note, the note was genuine, and Plaintiffs possess no further objections concerning same. That issue is thus officially resolved.

The last issue remaining concerns Plaintiffs' concern, notwithstanding Defendants' possession of the original promissory note, whether Defendants possess standing to foreclose on the subject property. Defendants informed the Court that the transfer of the note to Defendants occurred over approximately 2 ½ years prior and involved several distinct entities, some of which are no longer in business. As such, locating documents properly evidencing each transaction in the chain to Defendants has proven difficult. Indeed, many of the documents evidencing each link in the chain from New Century TRS Holdings, Inc. ("New Century"), where the loan originated, to the Morgan Stanley ABS Capital I Inc. Trust 2007-NC3, where the note resides today,

are not in the possession or control of Defendants herein. In any event, as discussed below and in the attached declaration of Matthew W. Grey, Esq. ("Grey Dec."), Defendants have made considerable progress and have obtained evidence confirming Defendants' standing to foreclose on the subject property.

## II. DEFENDANTS HAVE STANDING

On or about February 23, 2007, the Caporales made and delivered a Promissory Note in the original principal amount of $930,000 secured by a First Priority Deed of Trust on real property commonly known as 14943 Conway Avenue, San Jose, CA 95124 (the "Property"). True and correct copies of the Promissory Note and Deed of Trust are attached as Exhibits "1" and "2", respectively, to the Motion for Relief from the Automatic Stay filed by Saxon Mortgage Services, Inc. ("Saxon") in the within bankruptcy case. The Promissory Note and Deed of Trust are collectively hereinafter referred to as the "Subject Mortgage Loan." The lender/originator of the Subject Mortgage Loan was New Century Mortgage.[1]

Saxon is the loan servicer for Morgan Stanley ABS Capital I Trust 2007-NC3, the current holder in due course of the Subject Mortgage Loan. The Subject Mortgage Loan is in default. Saxon, as the servicer for the trust, seeks to foreclose on the Property. Saxon has standing to foreclose on the Subject Mortgage Loan pursuant to the transactions set forth below:

1. <u>New Century Mortgage to Natixis Real Estate Capital Inc., a New York corporation ("Natixis").</u> New Century made the Subject Mortgage Loan to the Caporales with funds made available by a mortgage loan credit facility provided to New Century by Natixis. New Century defaulted pursuant to the terms of the credit facility. Ownership of the Subject Mortgage Loan was transferred from New Century

---
[1] The Mortgage Electronic Registration Systems ("MERS") was designated the lender's nominee on the Subject Mortgage Loan. The loan was registered in the MERS system.

3

**BRIEF OF DEFENDANTS RE DOCUMENTATION FOR THE TRANSFER OF THE SUBJECT PROMISSORY NOTE AND DEED OF TRUST TO DEFENDANTS**

to Natixis when Natixis foreclosed on the credit facility pursuant to the terms of the agreements creating the credit facility. Natixis subsequently offered the Subject Loan and other mortgage loans acquired from New Century for sale pursuant to a UCC auction. Documents evidencing the foregoing are not within the care, custody or control of Defendants. However, it is anticipated that Natixis will deliver to Defendants an affidavit attesting to these facts in advance of the November 23, 2009 hearing for this matter. Once Defendants are in receipt of this affidavit, Defendants will submit same to Plaintiffs and the Court. *See* Grey Dec. at ¶3.

2. <u>Natixis to Morgan Stanley Mortgage Capital, Inc.</u> By that certain agreement denominated Mortgage Loan Purchase and Interim Servicing Agreement dated as of April 20, 2007 ("Agreement"), Natixis (the "Seller") sold to Morgan Stanley Mortgage Capital, Inc. (the "Purchaser") all of the Seller's right, title and interest in and to certain residential mortgage loans. A true and correct copy of the Agreement is attached to the Grey Dec. as Exhibit "A". The Purchaser was the successful bidder in a UCC auction conducted by Natixis for certain mortgage loans, including the Subject Mortgage Loan. The Purchaser acquired the Subject Mortgage Loan under the terms of the Agreement as the Subject Mortgage Loan was included within the loans sold to the Purchaser as evidenced by the Mortgage Loan Schedule for the Agreement. A true and correct copy of the page of the Mortgage Loan Schedule identifying the Subject Mortgage Loan as one of the loans transferred pursuant to the Agreement is attached to the Grey Dec. as Exhibit "B".

3. <u>Morgan Stanley Mortgage Capital, Inc. to Morgan Stanley ABS Capital I Inc.</u> On or about May 31, 2007, pursuant to a Bill of Sale, Morgan Stanley Mortgage, Inc. (the "Seller") sold to Morgan Stanley ABS Capital I Inc. (the "Purchaser") all the Seller's right, title and interest in and to certain residential mortgage loans described in the Mortgage Loan Schedule accompanying the Bill of Sale (Exhibit "A" thereto). A true and correct copy of the Bill of Sale and the page of the Mortgage Loan

4

**BRIEF OF DEFENDANTS RE DOCUMENTATION FOR THE TRANSFER OF THE SUBJECT PROMISSORY NOTE AND DEED OF TRUST TO DEFENDANTS**

Schedule identifying the Subject Mortgage Loan as one of the loans transferred pursuant to the Bill of Sale are attached to the Grey Dec. as Exhibits "C" and "D", respectively.

4. <u>Morgan Stanley ABS Capital I Inc. to the Morgan Stanley ABS Capital I Trust 2007-NC3</u>. Pursuant to an agreement denominated Pooling and Servicing Agreement dated as of May 1, 2007, Morgan Stanley ABS Capital I Inc., sold all of its right, title and interest in and to certain residential mortgage loans to the Morgan Stanley ABS Capital I Inc. Trust 2007-NC3 for which Deutsche Bank National Trust Company was trustee and Saxon Mortgage Services, Inc. was the loan servicer. A true and correct copy of the Pooling and Servicing Agreement dated as of May 1, 2007 is attached to the Grey Dec. as Exhibit "E". A true and correct copy of the page of the Mortgage Loan Schedule for the Pooling and Servicing Agreement dated as of May 1, 2007, identifying the Subject Mortgage Loan as one of the loans transferred pursuant to said agreement is attached to the Grey Dec. as Exhibit "F".

Defendants submit that the foregoing establishes that it has standing to foreclose on the subject property. Defendants request an Order from this Court establishing that fact.

Dated: November 6, 2009         HINSHAW & CULBERTSON LLP

                                By: _____
                                Desmond J. Hinds
                                Gary E. Devin
                                Attorneys for Defendants
                                **SAXON MORTGAGE SERVICES
                                INC.; DUETSCHE BANK
                                NATIONAL TRUST COMPANY AS
                                TRUSTEE FOR MORGAN
                                STANLEY, MSAC 2007-NC3**

# DECLARATION OF MATTHEW W. GREY

I, MATTHEW W. GREY, hereby declare as follows:

1. I am an attorney at law duly licensed to practice before all the courts of the State of Virginia. My law firm, Law Office of Matthew W. Grey, PLLC, has represented the Defendants herein, SAXON MORTGAGE SERVICES INC. (hereinafter "Saxon"), for a variety of matters. The following information is known to me of my own personal knowledge, unless indicated otherwise, and if called and sworn as a witness I could testify competently thereto.

2. This Declaration is submitted in support of the brief submitted on behalf of Saxon and DUETSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR MORGAN STANLEY, MSAC 2007-NC3 (collectively "Defendants"), regarding documentation evidencing the transfer of the subject promissory note and deed of trust from the loan originator, New Century TRS Holdings, Inc. ("New Century"), to the Morgan Stanley ABS Capital I Inc. Trust 2007-NC3 (the "Trust"), where it sits today. I was personally involved in the process of locating documents evidencing each link in the chain form New Century to the Trust that are attached to this declaration.

3. It is my understanding from discussions with personnel employed by and representing Morgan Stanley Mortgage Capital Holdings LLC (formerly Morgan Stanley Mortgage Capital Inc.) ("MSMCH") that Natixis Real Estate Capital Inc. acquired the Subject Mortgage Loan from New Century by means of foreclosure by Natixis of a mortgage loan credit facility provided to New Century by Natixis. New Century defaulted pursuant to the terms of the credit facility. Documents evidencing the foregoing are not within the care, custody or control of Defendants herein. However, it is anticipated that Natixis will deliver an affidavit attesting to these facts in advance of the November 23, 2009 hearing for this matter.

///

4. It is my understanding based on discussions with personnel employed by and representing MSMCH and by review of documents made available by MSMCH that by that certain agreement denominated Mortgage Loan Purchase and Interim Servicing Agreement dated as of April 20, 2007 ("Agreement"), Natixis, the Seller, sold to Morgan Stanley Mortgage Capital, Inc., the Purchaser, all of the Seller's right, title and interest in and to certain residential mortgage loans. A true and correct copy of the Agreement is attached hereto as Exhibit "A". The Purchaser was the successful bidder in a UCC auction conducted by Natixis for the sale of certain mortgage loans including the Subject Mortgage Loan. The Purchaser acquired the Subject Mortgage Loan under the terms of the Agreement as the Subject Mortgage Loan was included within the loans sold to the Purchaser as evidenced by the Mortgage Loan Schedule for the Agreement. A true and correct copy of the page of the Mortgage Loan Schedule identifying the Subject Mortgage Loan as one of the loans transferred pursuant to the Agreement is attached hereto as Exhibit "B".

5. It is my understanding based on review of documents in the possession of and provided by personnel employed by Saxon that on or about May 31, 2007, pursuant to a Bill of Sale, Morgan Stanley Mortgage, Inc., the Seller, sold to Morgan Stanley ABS Capital I Inc., the Purchaser, all the Seller's right, title and interest in and to certain residential mortgage loans described in the Mortgage Loan Schedule accompanying the Bill of Sale (Exhibit "A" thereto). A true and correct copy of the Bill of Sale and the page of the Mortgage Loan Schedule identifying the Subject Mortgage Loan as one of the loans transferred pursuant to the Bill of Sale are attached hereto as Exhibits "C" and "D", respectively.

6. It is my understanding based on review of documents in the possession of and provided by personnel employed by Saxon that pursuant to an agreement denominated Pooling and Servicing Agreement dated as of May 1, 2007, Morgan Stanley ABS Capital I Inc., sold all of its right, title and interest in and to certain

residential mortgage loans to the Morgan Stanley ABS Capital I Inc. Trust 2007-NC3 for which Deutsche Bank National Trust Company is trustee and Saxon Mortgage Services, Inc. is the loan servicer. A true and correct copy of the Pooling and Servicing Agreement dated as of May 1, 2007 is attached hereto as Exhibit "E". A true and correct copy of the page of the Mortgage Loan Schedule for the Pooling and Servicing Agreement dated as of May 1, 2007, identifying the Subject Mortgage Loan as one of the loans transferred pursuant to said agreement is attached hereto as Exhibit "F".

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on this 6th day of November, 2009 at Richmond, Virginia.

_____
Matthew W. Grey