

Desmond J. Hinds, Esq. (SBN: 105831)
dhinds@hinshawlaw.com
Gary E. Devlin, Esq. (SBN: 210517)
gdevlin@hinsahwlaw.com
HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
Telephone: 310-909-8000
Facsimile: 310-909-8001

**Attorneys for Defendants
SAXON MORTGAGE SERVICES INC.;
DUETSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE FOR
MORGAN STANLEY, MSAC 2007-NC3**

FILED
NOV 16 2009
CLERK
United States Bankruptcy Court
San Jose, California

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| In Re<br><br>RICHARD SOUZA CAPORALE and ISABEL SOUZA CAPORALE,<br><br>Debtors.<br><br>─────────────────<br><br>RICHARD SOUZA CAPORALE and ISABEL SOUZA CAPORALE,<br><br>Plaintiffs,<br><br>vs.<br><br>SAXON MORTGAGE SERVICES INC., DUETSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR MORGAN  STANLEY, MSAC 2007-NC3; AND DOES 1-10,<br><br>Defendants. | Adv. Case No. 09-05050<br>[Hon. Arthur S. Weissbrodt; Courtroom "3020"]<br><br>(Related Chapter 7 Case No. 07-54109)<br><br>**REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' BRIEF RE: DOCUMENTATION FOR THE TRANSFER OF THE SUBJECT PROMISSORY NOTE AND DEED OF TRUST; DECLARATION OF DESMOND J. HINDS**<br><br>Date: November 23, 2009<br>Time: 2:15 p.m.<br>Courtroom: "3020" |

1
REPLY BRIEF

31153855v1 68313
Case: 09-05050   Doc# 63   Filed: 11/16/09   Entered: 11/17/09 15:28:23   Page 1 of 9

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This Reply Brief is submitted in reply to the Debtors and Adversary Plaintiffs Richard and Isabel Caporale's Response to the brief of Defendants Saxon Mortgage Services, Inc. and Deutsche Bank National Trust Company, as Trustee for Morgan Stanley MSAC 207-NC3 (hereinafter "Defendants") re: Documentation for the Transfer of the Subject Promissory Note and Deed of Trust.

## II. DEFENDANTS' LATE SUBMISSION

On October 9, 2009, Defendants' counsel attended the hearing before this Court at which time the Court inquired whether Defendants could provide the documentation establishing the transfer of the subject promissory note and deed of trust to Defendants. Defendants informed the Court that efforts have been ongoing to locate the documents. However, given the bankruptcy of the loan originator, New Century, and the number of entities involved in the transfers, the task of gathering the documentation has been difficult and the time-consuming. [Declaration of Hinds ¶3.] The Court proposed a further hearing of November 23, 2009 at 2:15 p.m. and a briefing schedule for the hearing. According to Defendants' counsel's notes, the Court proposed that Defendants provide a brief by November 9, 2009 or by November 2, if possible. This was Defendants' understanding of the Court's order upon leaving the courtroom that day. [Declaration of Hinds ¶3.]

On November 9, 2009, Defendants' Brief re Documentation for the Transfer of the Subject Promissory Note and Deed of Trust to Defendants with Supporting Declaration of Matthew W. Gray, Esq. and Exhibits in Support Thereof was filed. Defendants' Brief was served by overnight mail on Marc Voisenat, Esq., attorney for the Debtors and Adversary Plaintiffs Richard and Isabel Caporale. [Declaration of Hinds ¶4.]

The Debtors and Adversary Plaintiffs Caporales' Response to Defendants' Brief, states that: "On October 9, 2009, the Court set a deadline of November 2, 2009 for Defendants [sic] to file documentation supporting Defendant's' [sic] position that they have the right to enforce the underlying Deed of Trust." [Response, p.2, lines 1-3.] Upon review of the Response, Defendants' counsel reviewed the Court's docket in this Adversary Proceeding. [Declaration of Hinds ¶5.] The October 9, 2009 docket entry does indeed reflect that Defendants' brief was to be filed on November 2, 2009. As set forth in the Declaration of Desmond J. Hinds, counsel for Defendants misunderstood the Court's order and wrote the wrong date in his notes. It is for this reason that Defendants' Brief was filed on November 9 and not November 2, 2009. [Declaration of Hinds ¶5.]

### III. FINAL DOCUMENTATION

Defendants are still attempting to obtain an affidavit and documentation from Natixis North America, Inc. (hereinafter "Natixis") concerning the transfer of the subject Promissory Note and subject Deed of Trust (hereinafter collectively the "Subject Mortgage Loan") from New Century Mortgage Corp. (hereinafter "New Century"), the maker of the original Subject Mortgage Loan to the Caporales, to Natixis and thence from Natixis to Morgan Stanley Mortgage Capital, Inc. [See Defendant's Initial Brief, p.3, line 22 through p.4 line 8.] These are the final documents to complete the chain evidencing the transfer of the Subject Mortgage Loan from the loan originator to Defendants herein.

The documentation for the transfer from New Century to Natixis was not contained in the Defendants' Brief filed on November 9, 2009, as the documentation was not available to Defendants at that time. It is anticipated that Defendants will obtain the documentation and supporting affidavit this week. [Declaration of Hinds

31153855v1 68313
Case: 09-05050   Doc# 63   Filed: 11/16/09   Entered: 11/17/09 15:28:23   Page 3 of 9

[¶6.] As soon as it is available, the documentation will be filed with the Court and served on the Debtors and Adversary Plaintiffs Caporales.

## IV. CONCLUSION

Defendants believe that all of the evidentiary support to establish a chain of title for the Subject Mortgage Loan will be filed and served prior to the November 23, 2009 hearing. However, Defendants, of course, recognize the need for the Court and counsel to have an adequate opportunity to review the documentation and evidence, accordingly, Defendants are amenable to a continuation of the November 23 hearing to allow all interested parties the opportunity for full consideration of the evidence submitted by Defendants. Finally, Defendants apologize to this Court for the oversight with respect to the November 2, 2009 filing date.

Dated: November 16, 2009

HINSHAW & CULBERTSON LLP

By: _____
Desmond J. Hinds
Gary E. Devlin
Attorneys for Defendants
**SAXON MORTGAGE SERVICES INC.; DUETSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR MORGAN STANLEY, MSAC 2007-NC3**

4
REPLY BRIEF

# DECLARATION OF DESMOND J. HINDS

I Desmond J. Hinds, declare as follows:

1. I am an attorney at law licensed to practice before all the courts in the State of California. I am a partner of Hinshaw & Culbertson LLP, attorneys of record for Defendants Saxon Mortgage Services Inc. and Duetsche Bank National Trust Company as Trustee for Morgan Stanley, MSAC 2007-NC3 (hereinafter "Defendants") in the within Adversary Proceeding, *Richard Caporale and Isabel Caporale, Plaintiffs v. Saxon Mortgage Services, Inc., Deutsche Bank National Bank Trust Company, as trustee for Morgan Stanley, MSAC 2007-NC3; and Does 1-10, Defendants*, adv. Case No. 09-05050, filed in the Bankruptcy entitled *In re Richard Souza Caporale and Isabel Souza Caporale*, Case No. 07-541109. The following information is known to me of my own personal knowledge and if called and sworn as a witness, I could and would competently testify thereto.

2. This Declaration is made in support of Defendants' reply to the Plaintiffs Caporales' response to Defendants' Brief Re Documentation for the Transfer of the Subject Promissory Note and Deed of Trust to Defendants.

3. On October 9, 2009, I attended the hearing before this Court on behalf of Defendants Saxon Mortgage Services, Inc. and Deutsche Bank National Trust Company as Trustee for Morgan Stanley, MSAC2007-NC3 (hereinafter "Defendants"). At that time, the Court inquired whether Defendants could provide the documentation establishing the transfer of the subject promissory note and deed of trust to Defendants. I informed the Court that efforts have been ongoing to locate the documents. However, given the bankruptcy of the loan originator, New Century, and the number of entities involved in the transfers, the task of gathering the documentation has been difficult and the time-consuming. The Court proposed a

further hearing of November 23, 2009 at 2:15 p.m. and a briefing schedule for the hearing. According to my notes, the Court proposed that Defendants provide a brief by November 9, 2009 or by November 2, if possible. This was my understanding of the Court's order upon leaving the courtroom that day. [Note: I have not placed in quotes the Court's order as a transcript of the hearing has not been ordered.]

4. On November 9, 2009, Defendants' Brief re Documentation for the Transfer of the Subject Promissory Note and Deed of Trust to Defendants with Supporting Declaration of Matthew W. Gray, Esq. and Exhibits in Support Thereof was filed. Defendants' Brief was served by overnight mail on Marc Voisenat, Esq., attorney for the Debtors and Adversary Plaintiffs Richard and Isabel Caporale.

5. On November 12, 2009, I received the Debtors and Adversary Plaintiffs Caporales' Response to Defendants' Brief. It is therein stated that: "On October 9, 2009, the Court set a deadline of November 2, 2009 for Defendant's [sic] to file documentation supporting Defendant's [sic] position that they have the right to enforce the underlying Deed of Trust." [Response, p.2, lines 1-3.] Upon review of the Response, I reviewed the Court's docket in this Adversary Proceeding. The October 9, 2009 docket entry does indeed reflect that Defendants' brief was to be filed on November 2, 2009. Apparently, I misunderstood the Court's order and wrote the wrong date in my notes. It is for this reason that Defendants' Brief was filed on November 9 and not November 2, 2009.

6. Defendants are still attempting to obtain an affidavit and documentation from Natixis North America, Inc. (hereinafter "Natixis") concerning the transfer of the subject Promissory Note and subject Deed of Trust (hereinafter collectively the "Subject Mortgage Loan") from New Century Mortgage Corp. (hereinafter "New

Century"), the maker of the original Subject Mortgage Loan to the Caporales, to Natixis and thence from Natixis to Morgan Stanley Mortgage Capital, Inc. These are the final documents to complete the chain evidencing the transfer of the Subject Mortgage Loan from the loan originator to Defendants herein. The documentation for the transfers from New Century to Natixis was not contained in the Defendants' Brief filed on November 9, 2009, as the documentation was not available to Defendants at that time. It is anticipated that Defendants will obtain the documentation and supporting affidavit this week. As soon as it is available, the documentation will be filed with the Court and served on the Debtors and Adversary Plaintiffs Caporales.

I declare under the penalty of perjury and under the laws of the State of California that the foregoing is true and correct.

Executed on this 16th day of November 2009 at Los Angeles, CA.

_____
Desmond J. Hinds

# PROOF OF SERVICE

*Caporale v. Saxon*
USBC, Northern District (San Jose)
Adv Case No. (09-05050)

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 11601 Wilshire Blvd., Suite 800, Los Angeles, CA 90025.

On November 16, 2009, I served the document, **REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' BRIEF RE: DOCUMENTATION FOR THE TRANSFER OF THE SUBJECT PROMISSORY NOTE AND DEED OF TRUST; DECLARATION OF DESMOND J. HINDS**, on the interested parties in this action by placing trust copies thereof enclosed in a sealed envelope(s) addressed as stated below:

**SEE ATTACHED SERVICE LIST**

☒ **(BY MAIL):** I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ **(BY FACSIMILE TRANSMISSION):** I caused a true copy thereof from sending facsimile machine telephone number 310-909-8001 to be sent via facsimile to the above listed names and facsimile numbers and received confirmed transmission reports indicating that this document was successfully transmitted to the parties named above.

☐ **(VIA OVERNIGHT MAIL):** I deposit such envelope to be placed for collection and handling via UPS following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for UPS. On the same day that material is placed for collection, it is picked by UPS at Los Angeles, California.

☐ **(BY HAND DELIVERY):** I caused each such envelope(s) to be delivered by hand to the addressee(s) mentioned in the attached service/mailing list.

☐ **(BY ELECTRONIC MAIL)** By transmitting a true copy thereof to the electronic mail addresses as indicated below.

I declare under penalty of perjury under the laws of the United States that the above true and correct and was executed on November 16, 2009, at Los Angeles, California.

*Robin Mojica*
Robin Mojica

1
PROOF OF SERVICE

31153855v1 68313

# PROOF OF SERVICE

*Caporale v. Saxon*
USBC, Northern District (San Jose)
Adv Case No. (09-05050)

Marc Voisenat
LAW OFFICE OF MARC VOISENAT
1330 Broadway, Suite 1035
Oakland, CA 94612

Tel: (510) 272-9710
Fax: (510) 272-9158

2
DECLARATION OF DESMOND J. HINDS

31153855v1 68313