Marc Voisenat (CSB# 170935)
1330 Broadway, Suite 1035
Oakland, Ca. 94612
Tel: (510) 272-9710
Fax: (510) 272-9158

Attorney for Debtors
Richard Souza Caporale
Isabel Ann Caporale

United States Bankruptcy Court

Northern District of California

| | |
|---|---|
| In re:<br><br>RICHARD SOUZA CAPORALE<br>ISABEL ANN CAPORALE<br><br>Debtors. | Case No.: 07-54109<br><br>Adv. No 09-05050<br>. |
| RICHARD CAPORALE AND ISABEL CAPORALE<br>        Plaintiffs,<br><br>vs.<br><br>SAXON MORTGAGE SERVICES INC., DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY, MSAC 2007-NC3 AND DOES 1-10<br><br>        Defendants. | **RESPONSE TO DEFENDANT'S BRIEF RE: DOCUMENTATION FOR THE TRANSFER OF THE SUBJECT PROMISSORY NOTE AND DEED OF TRUST**<br><br>Date: December 11, 2009<br>Time: 2:15 p.m.<br>Room: 3020 |

///

- 1 -

1. **Introduction:**

In its most recent filing, defendants again attempt to show that the mortgage loan made to the Caporale's on February 23, 2007 ("Caporale loan") was properly transferred to defendant. However, the documentation supplied by defendants fails to show that Natixis fka Ixis, had any interest in the Caporale loan.

2. **Argument:**

   a. **Declaration of Matthew W. Grey**

Plaintiffs object to the declaration of Matthew W. Grey and the attached Exhibits A –E on the basis of hearsay pursuant to Federal Rule of Evidence 801(c) and 802. Mr. Grey's entire declaration is based on his understanding of discussions of Morgan Stanley employees and various documents. As demonstrated by the declaration of John Hatzoglou, Mr.Grey's understanding is inaccurate. Mr. Grey's declaration was submitted in support of defendant's brief regarding "documentation evidencing the transfer of the subject promissory note and deed of trust from the loan originator, New Century TRS Holding, Inc. (Grey dec ¶2: 12-13). Mr. Grey then states in his declaration "It is my understanding from discussions with personnel employed by and representing Morgan Stanley … that Natixis Real Estate Capital Inc. acquired the Subject Mortgage Loan from New Century by means of foreclosure…"

Attached to the declaration of John Hatzoglou as Exhibit A, is a document "Fifth Amended and Restated Master Repurchase Agreement". This Agreement identifies several parties. However, neither New Century TRS Holdings, Inc. nor Natixis are a party to the agreement.

There is nothing in the declaration of Matthew W. Grey or the attached Exhibits that "New Century made the Subject Mortgage Loan to the Caporales with funds made available by a mortgage loan credit facility provided to New Century by Natixis" (Grey dec ¶1).

As such, defendants still have not established the very first link. There is no evidence that New Century Mortgage Corporation transferred the subject note and deed of trust to anyone except for the Assignment of Deed of Trust executed on August 11, 2007 by MERS as nominee for New Century Mortgage Corporation attached hereto as Exhibit 1. However, this conflicts with Grey's declaration in which he states the Caporale loan was sold by Natixis to Morgan Stanley Mortgage Capital, Inc. on April 20, 2007 (Grey dec ¶4).

      b. **Declaration of John Hatzoglou**

According to the Hatzoglou declaration, Natixis purchased a portfolio from New Century Mortgage Corporation pursuant to a Fifth Amended and Restated Master Repurchase Agreement dated November 10, 2006. (Hatzoglou dec ¶3). Natixis purchased a portfolio of approximately 3,523 residential mortgage loans. (Hatzoglou dec ¶4). However, Mr. Hatzoglou does not state that the Caporale loan was one of the purchased loans. The Caporale loan did not even exist at the time the Fifth Amended and Restated Master Repurchase Agreement was executed. The Caporale loan did not come into existence until February 23, 2007. It is unlikely that Natixis purchased loans that did not exist.

On or about March 8, 2007, Natixis issued a Notice of default to New Century Mortgage Corporation. (Hatzoglou dec ¶5). On or about March 27, 2007, Natixis issued a Notice of Disposition of Mortgage Loans. (Hatzoglou dec ¶6). On April 11, 2007, Natixis conducted a public auction of the Transferred loans. (See Hatzoglou dec ¶7). There is nothing in the Notice of Disposition of Mortgage Loans that indicates that the Caporale loan was included in the auction.

      c. **Natixis Could Not Foreclose on New Century Mortgage Without Violating the Automatic Stay**

Attached as Exhibit C to the declaration of John Hatzoglou is a document entitled "Notice of Disposition of Mortgage Loans" dated March 26, 2007. The document gives notice

- 3 -

to New Century Mortgage Corporation that Natixis is going to sell "a portfolio of approximately 3,534 residential mortgage loans" The loans that are identified are not individually listed and there is no indication that the Caporale loan was one of the loans to be sold. According to the declaration of Mr. Hatzoglou, Natixis auctioned the subject loans on April 11, 2007. To the extent the loans of New Century Mortgage Corporation were auctioned, said auction was conducted in violation of the automatic stay as New Century Mortgage Corporation had filed bankruptcy on April 2, 2007. Thus the auction was void and New Century retained it's interest in the subject loans. In re Schwartz, 954 F.2d 569 (9th Cir. 1992).

The bankruptcy court in the case of In re New Century TRS Holdings, Inc., 390 B.R. 140 (Bkrtcy.D.Del., 2008) explained the Master Repurchase Agreement entered into my New Century Mortgage Corporation. The court stated:

> "Master Repurchase Agreements
> The Debtors used master repurchase agreements ("Master Repurchase Agreements") and their own working capital to fund the origination and purchase of mortgage loans and to hold these loans pending sale or securitization. Prior to the bankruptcy filings, the Master Repurchase Agreements provided the Debtors with the capacity to fund approximately $17.4 billion of mortgage loans. Each Master Repurchase Agreement provided that the Debtors would sell mortgage loans to a "Repurchase Counterparty" and commit to repurchase these loans on a specified date for the same price paid, plus a fee for the time value of money, termed a "Price Differential." The Price Differential was specified in a pricing side letter and was generally set at a floating rate based on LIBOR, FN6 plus a spread. The Master Repurchase Agreements typically provided that the Debtors were required to repurchase each loan on the facility at a date specified in the individual commitment (generally 30 or 60 days after the sale to the Repurchase Counterparty). For mortgage loans of less quality or as market conditions deteriorated, the Repurchase Counterparties were willing to pay less than the face principal amount of the mortgage loan, in which case the Debtors financed a portion of the principal amount of the loans with their own working capital (termed the "haircut").
>
> Under the Master Repurchase Agreements, in the event of default, each of the Repurchase Counterparties had a right to accelerate the Debtors' obligations to repurchase the loans subject to the facility. If the Debtors did not pay those repurchase obligations, the agreements generally provided that the Repurchase Counterparties could sell the mortgage loans to third parties (often on short notice) **or retain the mortgage loans for their own accounts and credit the value of the mortgage loans against the Debtors' repurchase obligations (termed a "buy-in"), in effect foreclosing the Debtors' rights to repurchase such mortgage loans.** The Master Repurchase Agreements also provided

that if the Debtors' repurchase obligations were not fully satisfied by a third party or a buy-in, any Debtor which was a party to the Master Repurchase Agreement was liable for any deficiency" Id at 145-146 {Emphasis added}

In this case, Natixis chose not to retain the loans and instead chose to sell the New Century Mortgage Corporation loans. Said sale occurred after New Century filed bankruptcy.

3. **Conclusion**

There is absolutely no evidence that Ixis or Natixis ever acquired the Caporale loan or properly foreclosed on the Caporale loan. As a result, defendants have not established that they are entitled to enforce the underlying promissory note as it appears that the Caporale loan is still part of the bankruptcy estate of New Century Mortgage Corporation.

Dated: November 30, 2009

/s/ Marc Voisenat
Marc Voisenat, Attorney for Plaintiffs

**PROOF OF SERVICE**

I am over the age of 18 and not a party to the within action; my business address is 1330 Broadway, Suite 1035, Oakland, California 94612

On November 30, 2009, I served the foregoing document described as: **RESPONSE TO DEFENDANT'S BRIEF RE: DOCUMENTATION FOR THE TRANSFER OF THE SUBJECT PROMISSORY NOTE AND DEED OF TRUST** on the interested parties via facsimile and by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland addressed as follows:

Desmond J. Hinds, Esq.
11601 Wilshire Blvd., Suite 800
Los Angeles, Ca. 90025

I declare, under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

Executed on November 30, 2009 at Oakland, California.

/s/ Marc Voisenat
Marc Voisenat, Attorney for Plaintiffs