1 | Desmond J. Hinds, Esq. (SBN: 105831)
dhinds@hinshawlaw.com
2 | Gary E. Devlin, Esq. (SBN: 210517)
gdevlin@hinsahwlaw.com
3 | HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd., Suite 800
4 | Los Angeles, CA 90025
Telephone: 310-909-8000
5 | Facsimile: 310-909-8001

6 | **Attorneys for Defendants**
**SAXON MORTGAGE SERVICES INC.;**
7 | **DUETSCHE BANK NATIONAL TRUST**
**COMPANY AS TRUSTEE FOR**
8 | **MORGAN STANLEY, MSAC 2007-NC3**

**FILED**

**DEC 04 2009**

CLERK
United States Bankruptcy Court
San Jose, California

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In Re<br><br>RICHARD SOUZA CAPORALE and ISABEL SOUZA CAPORALE,<br><br>Debtors. | **Adv. Case No. 09-05050**<br>[Hon. Arthur S. Weissbrodt; Courtroom "3020"]<br><br>(Related Chapter 7 Case No. 07-54109) |
| RICHARD SOUZA CAPORALE and ISABEL SOUZA CAPORALE,<br><br>Plaintiffs,<br><br>vs.<br><br>SAXON MORTGAGE SERVICES INC., DUETSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR MORGAN STANLEY, MSAC 2007-NC3; AND DOES 1-10,<br><br>Defendants. | **REPLY TO DEBTORS/PLAINTIFFS' RESPONSE TO DEFENDANTS' BRIEF RE DOCUMENTATION FOR THE TRANSFER OF THE SUBJECT PROMISSORY NOTE AND DEED OF TRUST**<br><br>Date: December 11, 2009<br>Time: 2:15 p.m.<br>Room: 3020 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Defendants SAXON MORTGAGE SERVICES INC. and DUETSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR MORGAN STANLEY, MSAC 2007-NC3 ("Defendants"), hereby submit Defendants' Reply Brief to

1

**REPLY TO DEBTORS/PLAINTIFFS RESPONSE TO DEFENDANTS' BRIEF**

31154927v1 68313

Debtors/Plaintiffs Richard and Isabel Caporale's (collectively "Plaintiffs") Response to Defendants' Brief concerning the documentation for the Promissory Note and Deed of Trust (collectively the "Subject Mortgage Loan") as requested by this Court at the hearing on October 9, 2009:

Plaintiffs' Response Brief raises a number of "issues" concerning the documentation submitted by Defendants. In large measure the "issues" are neither material nor relevant to the issue before this Court, *i.e.*, are Defendants the owners of the Subject Mortgage Loan. As set forth below, while some of the issues may appear to be facially legitimate, they are raised for the purpose of delaying the process without a *bona fide* basis for believing that Defendants, based upon the record provided by Defendants, are, in fact, the owners of the Subject Mortgage Loan.

Defendants address the issues raised by Plaintiffs as follows:

1. <u>The Declaration of Matthew W. Grey is Objected to on Grounds of Hearsay. [Response 2:8-11.]</u>

Plaintiffs' Response Brief makes a general hearsay objection to the whole of the Declaration of Matthew W. Grey. Plaintiffs make no attempt to identify the specific statements in the Grey Declaration which they contend are hearsay but, simply object to the entirety of the declaration. The entire declaration is not hearsay.

While it is true that a number of Mr. Grey's statements are the result of a review of the documents and conversations with persons representing Morgan Stanley Mortgage Capital Holdings LLC (formerly Morgan Stanley Mortgage Capital, Inc.), the statements are not necessarily hearsay. Moreover, the Grey Declaration serves the manifest purpose of providing this Court with the supporting record for the transfer of the Subject Mortgage Loan to Defendants. The object of Defendants' briefs and the Grey Declaration was to comply with the Court's request to provide the Court with the documentation evidencing Defendants' ownership of the Subject Mortgage Loan.

Defendants endeavored to do so by obtaining documents through a number of disparate entities and persons unaffiliated with Defendants covering a period of time of, at least, three years, dating back to November 2006. This Court did not ask for an evidentiary hearing, but rather that the documents substantiating the transfer of the Subject Mortgage Loan be brought to Court. Absent a *bona fide* controversy over the authenticity of the documents in the chain for the transfer of the Subject Mortgage Loan, the assertion of technical evidentiary objections is unwarranted. Plaintiffs' Response Brief does not raise such issues.

The Grey Declaration provides this Court with foundation for the documentation for the transfer of the Subject Mortgage Loan to Defendants. Plaintiffs have not raised a legitimate or *bona fide* claim that the documents do not accomplish what they purport to. Without a legitimate challenge to the authenticity of the documents presented by Defendants, the evidentiary challenges to the Grey declaration are immaterial and designed merely to kick up dust and delay resolution of the issue before this Court. Accordingly, Plaintiffs' general objection of hearsay should be disregarded or, at least, considered immaterial to the resolution of the issue before this Court.

2. <u>Mr. Grey's Declaration ". . . that Natixis…acquired the Subject Mortgage Loan from New Century by means of foreclosure. . . ." is Inconsistent with Mr. Hatzoglou's Declaration with Respect to Natixis' Acquisition of the Subject Mortgage Loan from New Century. [Response 2:11-21.]</u>

Mr. Grey's Declaration is *not* inconsistent with Mr. Hatzoglou's Declaration with regard to Natixis' acquisition of the Subject Mortgage Loan from New Century TRS Holding, Inc. ("New Century"). This is merely an issue of semantics. Natixis, in effect, did foreclose on the credit facility when New Century defaulted. However, because there existed a loan repurchase facility between New Century and Natixis,

3

**REPLY TO DEBTORS/PLAINTIFFS RESPONSE TO DEFENDANTS' BRIEF**

31154927v1 68313

upon New Century's default, the loans were sold from New Century to Natixis pursuant to the Fifth Amended and Restated Master Repurchase Agreement between the parties. [Hatzoglou Decl. ¶¶3-5 and Exhibit "A" thereto.] Notwithstanding, it is immaterial whether there was a "foreclosure" or a "sale" as Natixis patently acquired New Century's loan portfolio as established by the documents in Mr. Hatzoglou's Declaration.

3. <u>Mr. Grey's Declaration does not Support the Statement that "New Century made the Subject Mortgage Loan to the Caporales with funds made available by a mortgage loan credit facility provided to New Century by Natixis." [Response 2:22-24.]</u>

For the reasons stated above with regard to Issue No. 2, Plaintiffs' "issue" is merely a quibble over semantics. The "credit facility" referred to by Mr. Grey is the loan repurchase facility between New Century and Natixis represented, most recently, by the Fifth Amended and Restated Master Repurchase Agreement. This is not an issue. Nonetheless, the methodology by which Natixis made funds available to New Century is of no moment, so long as it is established that Natixis acquired the Subject Mortgage Loan from New Century, which is done by the documentation submitted by Defendants.

4. <u>The Assignment of Deed of Trust from MERS as Nominee for New Century Conflicts with Mr. Grey's Declaration that the Subject Mortgage Loan was Sold by Natixis to Morgan Stanley on April 20, 2007. [Response 3:1-6.]</u>

Contrary to Plaintiffs' statement, the Assignment of Deed of Trust is consistent with both Mr. Grey's and Mr. Hatzoglou's declarations that the Subject Mortgage Loan was sold by Natixis to Morgan Stanley Mortgage Capital, Inc. on or about April

Case: 09-05050   Doc# 67   Filed: 12/04/09   Entered: 12/04/09 15:30:03   Page 4 of 8

20, 2007. [Grey Decl. ¶4; Hatzoglou Decl. ¶8.] The documents which accompany Mr. Grey's and Mr. Hatzoglou's Declarations support the transfer of the loan portfolio containing the Subject Mortgage Loan between the entities. The Assignment of Deed of Trust recorded October 11, 2007 simply carries out the intent of the parties in the sales documents. Saxon is the loan servicer for the Morgan Stanley Trust. The Assignment is entirely consistent with and supportive of Defendants' right to foreclose on the Subject Mortgage Loan.

5. <u>There is No Evidence that the Subject Mortgage Loan was One of the Loans Acquired by Natixis from New Century via the Repurchase Agreement dated November 10, 2006. [Response 3:8-15.]</u>

Plaintiffs' statement is incorrect. John Hatzoglou, Vice President of Natixis North America Inc., has submitted a declaration stating that pursuant to the Repurchase Agreement, Natixis purchased a portfolio of approximately $3,523 residential mortgage loans originated by New Century, and others, which portfolio included the Subject Mortgage Loan. [Hatzoglou Decl. ¶4.]

6. <u>There is No Evidence that Natixis Transferred the Subject Mortgage Loan to Morgan Stanley Mortgage Capital Inc. [Response 3:16-21.]</u>

Plaintiffs are again incorrect. Mr. Hatzoglou also declared that following a public auction conducted by a licensed auctioneer, Natixis sold and Morgan Stanley Mortgage Capital Inc. purchased certain of the residential mortgage loans in the portfolio acquired by Natixis under the Repurchase Agreement, which included the Subject Mortgage Loan. [Hatzoglou Decl. ¶8.]

7. <u>The Foreclosure by Natixis on the New Century Loan Portfolio Violates the Automatic Stay Associated with the New Century Bankruptcy.</u>

Contrary to Plaintiffs' statement, the transfer of loans from New Century to Natixis took place prior to New Century's bankruptcy filing. Under the provisions of the Fifth Amended and Restated Master Repurchase Agreement, Natixis owned the New Century mortgage loan portfolio, which included the Subject Mortgage Loan, when New Century defaulted. On March 8, 2007, Natixis notified New Century of its default under the Repurchase Agreement and that Natixis exercised certain of its rights and remedies under the Repurchase Agreement. [Hatzoglou Decl. ¶¶3-5.] According to Plaintiffs, the New Century bankruptcy was initiated a month later, on April 2, 2007. [Response 4:3-7.]

Plaintiffs have incorrectly focused on the date of April 11, 2007, the date Natixis conducted a public auction, whereby it sold the loans acquired from New Century. [Hatzoglou Decl. ¶¶6 and 7 and Exhibit "C" thereto.] By the Notice of Disposition and the subsequent auction sale, Natixis exercised its remedy to sell the loans to recover its money. The auction, which affected the transfer from Natixis to Morgan Stanley Mortgage Capital, Inc. [Hatzoglou Decl. ¶8], is irrelevant as Natixis acquired the loan portfolio, which included the Subject Mortgage Loan, a month before New Century's bankruptcy [Hatzoglou Decl. ¶¶ 3-5].

Defendants are the owners of the Subject Mortgage Loan. Defendants are the holders of the original Promissory Note and have presented same to this court and Plaintiffs. Plaintiffs have not objected to the authenticity of the note. The subject Deed of Trust was assigned to Defendant, Saxon Mortgage Services, Inc., in October 2007. Defendants are the holders of the note and the beneficiaries under the Deed of Trust. This is not disputed. In addition, Defendants have provided this Court

///
///

| | |
|---|---|
| 1 | with the documentation establishing the transfer of the Subject Mortgage Loan to |
| 2 | Defendants. Plaintiffs have raised no legitimate challenge to the documentation. This |
| 3 | issue should now be put to rest. |

Dated: December 4, 2009          HINSHAW & CULBERTSON LLP

By: _____
Desmond J. Hinds
Gary E. Devin
Attorneys for Defendants
**SAXON MORTGAGE SERVICES INC.; DUETSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR MORGAN STANLEY, MSAC 2007-NC3**

7

**REPLY TO DEBTORS/PLAINTIFFS RESPONSE TO DEFENDANTS' BRIEF**

31154927v1 68313

# PROOF OF SERVICE

*Caporale v. Saxon*
USBC, Northern District (San Jose)
Adv Case No. (09-05050)

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 11601 Wilshire Blvd., Suite 800, Los Angeles, CA 90025.

On December 4, 2009, I served the document, **REPLY TO DEBTORS/PLAINTIFFS' RESPONSE TO DEFENDANTS' BRIEF RE DOCUMENTATION FOR THE TRANSFER OF THE SUBJECT PROMISSORY NOTE AND DEED OF TRUST**, on the interested parties in this action by placing trust copies thereof enclosed in a sealed envelope(s) addressed as stated below:

Marc Voisenat
LAW OFFICE OF MARC VOISENAT
1330 Broadway, Suite 1035
Oakland, CA 94612
Tel: (510) 272-9710
Fax: (510) 272-9158
Email: voisenat@gmail.com

☐ **(BY MAIL):** I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ **(BY FACSIMILE TRANSMISSION):** I caused a true copy thereof from sending facsimile machine telephone number 310-909-8001 to be sent via facsimile to the above listed names and facsimile numbers and received confirmed transmission reports indicating that this document was successfully transmitted to the parties named above.

☒ **(VIA OVERNIGHT MAIL):** I deposit such envelope to be placed for collection and handling via UPS following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for UPS. On the same day that material is placed for collection, it is picked by UPS at Los Angeles, California.

☐ **(BY HAND DELIVERY):** I caused each such envelope(s) to be delivered by hand to the addressee(s) mentioned in the attached service/mailing list.

☒ **(BY ELECTRONIC MAIL)** By transmitting a true copy thereof to the electronic mail addresses as indicated above.

I declare under penalty of perjury under the laws of the United States that the above true and correct and was executed on December 4, 2009, at Los Angeles, California.

*Robin Mojica*
Robin Mojica

8
**REPLY TO DEBTORS/PLAINTIFFS RESPONSE TO DEFENDANTS' BRIEF**

31154927v1 68313