Desmond J. Hinds, Esq. (SBN: 105831)
dhinds@hinshawlaw.com
Gary E. Devlin, Esq. (SBN: 210517)
gdevlin@hinshawlaw.com
HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
Telephone: 310-909-8000
Facsimile: 310-909-8001

Attorneys for Defendants
**SAXON MORTGAGE SERVICES INC.; DUETSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR MORGAN STANLEY, MSAC 2007-NC3**

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

In Re

RICHARD SOUZA CAPORALE and ISABEL SOUZA CAPORALE,

Debtors.

---

RICHARD SOUZA CAPORALE and ISABEL SOUZA CAPORALE,

Plaintiffs,

vs.

SAXON MORTGAGE SERVICES INC., DUETSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR MORGAN STANLEY, MSAC 2007-NC3; AND DOES 1-10,

Defendants.

**Adv. Case No. 09-05050**
[Hon. Arthur S. Weissbrodt; Courtroom "3020"]

(Related Chapter 7 Case No. 07-54109)

**SUPPLEMENTAL BRIEF OF DEFENDANTS RE ADDITIONAL DOCUMENTATION EVIDENCING TRANFER OF THE SUBJECT MORTGAGE LOAN TO DEFENDANTS; DECLARATION OF DESMOND J. HINDS AND EXHIBITS IN SUPPORT THEREOF**

**[Filed Concurrently with Declaration of John Hatzoglou and Exhibits in Support of Defendants' Supplemental Brief]**

**DATE: May , 2010**
**TIME: 2:15 P.M.**
**CRTRM: "3020"**

///

///



Case: 09-05050 Doc# 74 Filed: 06/08/10 Entered: 06/08/10 14:41:15 Page 1 of 23

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Defendants SAXON MORTGAGE SERVICES INC. and DUETSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR MORGAN STANLEY, MSAC 2007-NC3 (hereinafter "Defendants"), hereby submit the instant Supplemental Brief concerning documentation for the transfer of the subject mortgage loan (the "Subject Mortgage Loan") issued to Plaintiffs Richard Souza Caporale and Isabel Souza Caporale ("Plaintiffs"), secured by the Debtor Plaintiffs' residence located at 14943 Conway Avenue, San Jose, California (the "subject property"), as requested by the Court at the hearing on February 12, 2010 before the Honorable Arthur S. Weissbrodt:

## I. <u>BACKGROUND</u>

The last issue remaining for this case regards the concern of Plaintiffs, Richard Souza Caporale and Isabel Souza Caporale ("Plaintiffs"), whether Defendants possess standing to foreclose on the subject property. The parties already submitted numerous briefs on the issue and Defendants have submitted substantial evidence in support of its position that is possesses standing to foreclose. Defendants' prior briefs identified four (4) links in the chain for the transfer of the Subject Mortgage Loan from the lender/originator, New Century Mortgage, to Morgan Stanley ABS Capital I Trust 2007-NC3, for which Deutsche Bank National Trust Company was Trustee and Saxon Mortgage Services, Inc. was the loan servicing company. The transfers were identified as follows:

1. <u>New Century Mortgage to Natixis Real Estate Capital Inc., a New York corporation ("Natixis").</u>

2. <u>Natixis to Morgan Stanley Mortgage Capital, Inc.</u>

3. <u>Morgan Stanley Mortgage Capital, Inc. to Morgan Stanley ABS Capital I Inc.</u>.



Case: 09-05066 Doc# 74 Filed: 05/18/10 Entered: 05/18/10 14:41:38 Page 2 of 23

4. Morgan Stanley ABS Capital I Inc. to the Morgan Stanley ABS Capital I Trust 2007-NC3.

With the exception of the evidentiary concerns noted below, the Court has already acknowledged Defendants have provided the required materials evidencing each of the foregoing transfers. At the most recent hearing concerning the state of Defendants' evidence on February 12, 2010, the Court outlined specific goals for Defendants to reach to finally satisfy the Court in favor of Defendants' position on the standing issue:

1. Present evidence showing "Ixis" is the predecessor in interest to "Natixis." *See* Declaration of Desmond J. Hinds ("Hinds Dec.") at **Exhibit A** (transcript of February 12, 2010 hearing) at pg 4, lines 13-16; and

2. Present evidence showing Plaintiffs' loan was transferred by New Century Mortgage to Natixis under the repurchase agreement. *See id.* at page 6, lines 8-13.

Defendants submit the Declaration of John Hatzoglou ("Hatzoglou Dec."), which addresses the remaining evidentiary requirements outlined by the Court above and attaches evidence supporting same. This submission conclusively establishes Defendants' standing to foreclose on the subject property.

## II. DEFENDANTS HAVE STANDING TO FORECLOSE

Pursuant to the Hatzoglou Declaration, filed and served concurrently, Saxon provides the following evidence pursuant to the Court's comments at the February 12, 2010 hearing:

### a. "Ixis" is the predecessor in interest to "Natixis"

In or about March 2007, IXIS North America Inc., and its subsidiaries, including IXIS Real Estate Capital Inc., the "Buyer" under the Fifth Amended and Restated Master Purchase Agreement [*See* **Exhibit D** to Hatzoglou Dec. and ¶¶3-4



Case: 09-05050 Doc# 74 Filed: 06/08/10 Entered: 06/08/10 14:41:15 Page 3 of 23

thereto], changed their names from IXIS to Natixis. Thus, the parent corporation, IXIS North America Inc., became Natixis North America Inc., and its subsidiary, IXIS Real Estate Capital Inc., became Natixis Real Estate Capital Inc. Attached to the Declaration of Mr. Hatzoglou as **Exhibits A and B** are true and correct copies of the Certificates of Amendment of the Certificate of Incorporation of IXIS North America Inc. and IXIS Real Estate Capital Inc. Attached to the Hatzoglou Declaration as **Exhibit C** is a true and correct copy of the notice of name change dated March 15, 2007 issued by Natixis North America Inc. to interested parties.

Defendants submit that this evidence establishes that "Ixis" is the predecessor to "Natixis."

**b. Plaintiffs' loan was transferred by New Century Mortgage to Natixis under the Repurchase Agreement**

On or about November 10, 2006, Natixis Real Estate Capital Inc. entered into a certain Fifth Amended and Restated Master Repurchase Agreement, dated as of November 10, 2006 (as amended, restated, supplemented or otherwise modified and in effect from time to time, the "Repurchase Agreement"), by and among NC Capital Corporation ("NC Capital"), New Century Mortgage Corporation ("New Century"), NC Asset Holding, L.P. ("NC Asset Holding"), Home123 Corporation ("Home123"), New Century Credit Corporation ("NC Credit"), together with NC Capital, New Century, Home123 and NC Asset Holding (collectively, the "Sellers") and Natixis Real Estate Capital Inc. f/k/a/ IXIS Real Estate Capital Inc. (the "Buyer" or "Natixis") and consented and agreed to by New Century Financial Corporation (the "Guarantor"). Attached to the Hatzoglou Declaration as **Exhibit D** is a true and correct copy of the Repurchase Agreement.

Pursuant to the Repurchase Agreement, Natixis purchased a portfolio of approximately 3,500 residential mortgage loans, originated by Sellers and/or their affiliates, having an aggregate unpaid principal balance of approximately $799 million

(the "Transferred Loans"). The Subject Mortgage Loan was included within the portfolio of the Transferred Loans. Attached to the Hatzoglou Declaration as **Exhibit E** is a true and correct copy of the basic Status Report issued as of April 19, 2007 identifying the Subject Mortgage Loan.

Defendants submit that this evidence establishes that Plaintiffs' loan was transferred by New Century Mortgage to Natixis under the Repurchase Agreement.

## III. CONCLUSION

Defendants submit that its submission of evidence from its prior briefs and the instant submission conclusively establish the transfer of the Subject Mortgage Loan from the loan originator, New Century, to the Morgan Stanley ABS Capital I Trust 2007-NC3 (hereinafter the "Trust"). Accordingly, Defendants request the Court issue an Order declaring Defendants possess standing to foreclose on the Subject Mortgage Loan.

Dated: May 13, 2010

HINSHAW & CULBERTSON LLP

By: [signature]
Desmond J. Hinds
Gary E. Devlin
Attorneys for Defendants
**SAXON MORTGAGE SERVICES INC.; DUETSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR MORGAN STANLEY, MSAC 2007-NC3**



Case: 09-05050 Doc# 74 Filed: 06/08/10 Entered: 06/08/10 14:41:25 Page 5 of 23

## DECLARATION OF DESMOND J. HINDS

I, DESMOND J. HINDS, hereby declare as follows:

1. I am an attorney at law licensed to practice before all the courts in the State of California. I am a partner of Hinshaw & Culbertson LLP, attorneys of record for Defendants Saxon Mortgage Services Inc. and Duetsche Bank National Trust Company as Trustee for Morgan Stanley, MSAC 2007-NC3 (hereinafter "Defendants") in the within Adversary Proceeding, *Richard Caporale and Isabel Caporale, Plaintiffs v. Saxon Mortgage Services, Inc., Deutsche Bank National Bank Trust Company, as trustee for Morgan Stanley, MSAC 2007-NC3; and Does 1-10, Defendants*, adv. Case No. 09-05050, filed in the Bankruptcy entitled *In re Richard Souza Caporale and Isabel Souza Caporale*, Case No. 07-541109. The following information is known to me of my own personal knowledge and if called and sworn as a witness, I could and would competently testify thereto.

2. This Declaration is made in support of the Supplemental Brief of Defendants re Additional Documentation Evidencing Transfer of the Subject Mortgage Loan to Defendants.

3. On February 12, 2010, I attended the parties' most recent hearing concerning the state of Defendants' evidence concerning whether Defendants possess standing to foreclose on the Subject Mortgage Loan. At that hearing, the Court outlined specific evidentiary goals for Defendants to satisfy the Court in favor of Defendants' position on the standing issue. I ordered a copy of the transcript to ensure Defendants' compliance with the specific goals outlined by the Court. A true and correct copy of the reporter's transcript for the February 12, 2010 hearing is attached

///

///

///



Case: 09-05050 Doc# 74 Filed: 05/08/10 Entered: 06/08/10 14:41:28 Page 6 of 23

hereto as Exhibit A.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on this 13th day of May, 2010 at Los Angeles, California.

Desmond J. Hinds






Case: 09-05050 Doc# 74 Filed: 06/08/10 Entered: 06/08/10 14:41:15 Page 7 of 23

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

In re:

RICHARD SOUZA CAPORALE and ISABEL ANN CAPORALE,

Debtors.

______________________________/

Case No. 07-54109-ASW

Chapter 7

San Jose, California
February 12, 2010
2:24 p.m.

RICHARD and ISABEL CAPORALE,,

Plaintiffs,

v.

SAXON MORTGAGES SERVICES, INC. et al.,

Defendants.

______________________________/

A.P. No. 09-5050

TRANSCRIPT OF PROCEEDINGS
a) ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION ORDER
b) OPPOSITION BY SAXON MORTGAGES SERVICES, et al.

BEFORE THE HONORABLE ARTHUR WEISSBRODT
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For the Plaintiffs/Debtors:

LAW OFFICES OF MARC VOISENAT
BY: MARC VOISENAT, ESQ.
1330 Broadway #1035
Oakland, California 94612

APPEARANCES (CONTINUED):

For the Defendants: LAW OFFICE OF HINSHAW AND CULBERTSON
BY: DESMOND J. HINDS, ESQ.
11601 Wilshire Boulevard #800
Los Angeles, CA 90025

Court Recorder: MONICA TARTAGLIA
UNITED STATES BANKRUPTCY COURT
280 South First Street
San Jose, California 95113

Transcription Service: Jo McCall
Electronic Court Recording/Transcribing
2868 E. Clifton Court
Gilbert, Arizona 85295
Telephone: (480) 361-3790

PROCEEDINGS

February 2, 2010 2:24 p.m

-oOo-

THE CLERK: All rise.

THE COURT: Thank you ladies and gentlemen. Please be seated.

Okay. Caporale v. Saxon. If you'd take counsel table please. I need appearances, please.

MR. VOISENAT: Good afternoon, Marc Voisenat for the Plaintiffs.

MR. HINDS: Good afternoon, Your Honor, Desmond Hinds on behalf of Deutsche Bank and Saxon.

THE COURT: Good afternoon, counsel. There are four links in the chain of the transfer of the subject mortgage loan to the Defendants. First, the originator of the note and deed of trust, New Century Mortgage to Natixis; second, Natixis to Morgan Stanley Mortgage Capital, Inc., who's the purchaser; the purchaser to Morgan Stanley ABS Capital I, Inc., whom I'll call Morgan Stanley; and four, Morgan Stanley to Morgan Stanley ABS Capital I, Inc. Trust 2007 NC-3, which I'll call the Morgan Stanley Trust, for which Deutsche Bank National Trust Company is the trustee and Saxon Mortgage Services, Inc. is the loan servicer.

Based on the Debtors' latest papers, it appears

that Debtors dispute Natixis' interest in Debtors' loan, so the Court will focus on the first two links, first, New Century Mortgage to Natixis. New Century Mortgage Corporation and Debtors entered into a promissory note dated February 23rd, 2007. Previously, as of November 10, 2006, New Century Mortgage Corporation, among others, entered into a fifth amended and restated master repurchase agreement, "The Repurchase Agreement," with Ixis Real Estate Capital, Inc., "Ixis."

There's no direct statement in the record, however. Natixis North America, Inc., "Natixis," is listed in Hatzoglou's declaration as being fka Ixis Real Estate Capital, Inc. So if the Debtors continue to context that Ixis is not the predecessor in interest to Natixis, then evidence, in the form of a supplemental declaration of John Hatzoglou or some other competent witness, is required.

Assuming Ixis is now Natixis, according to the Hatzoglou declaration, the repurchase agreement transferred approximately 3,523 residential mortgage loans from the New Century entities, including New Century Mortgage Corporation, to Natixis. Debtors assert that because Debtors' loan with New Century Mortgage Corporation did not exist on November 10, 2006, a fortiori, Debtors' loan could not be covered by the repurchase agreement. However, this is inaccurate. Under Section 1 of the repurchase

agreement, the repurchase agreement intends to cover future transactions between the parties and does not relate solely to mortgage loans in existence at the time the repurchase agreement was entered into.

Specifically, Section 1 of the repurchase agreement provides, and I quote:

> "From time to time, the parties hereto may enter into transactions, quote, 'the committed transactions,' in which seller agrees to transfer the buyer mortgage loans against the transfer of funds by the buyer, with a simultaneous agreement by the buyer to transfer to the seller such mortgage loans at a date certain, no later than 364 days after the date of transfer, against the transfer of funds by the seller.
>
> "Additionally, from time to time, the buyer is prepared to consider entering into additional transactions, the uncommitted transactions, in which the seller agrees to transfer to the buyer mortgage loans against the transfer of funds by the buyer, with a simultaneous agreement by the buyer to transfer to the seller such mortgage loans on demand by the buyer against the transfer of funds by the seller.
>
> "Each such committed transaction and uncommitted

transaction shall be referred to herein as a transaction and shall be governed by this agreement, unless otherwise agreed in writing."

(The Judge speaks to his Clerk.)

The Hatzoglou declaration states that Debtors' loan is one of the loans purchased by Natixis under the repurchase agreement. However, there's still no evidence of such a transfer, so if the Debtors still contest that Debtors' loan was transferred by New Century Mortgage to Natixis under the repurchase agreement, then evidence, in the form of a supplemental declaration of John Hatzoglou or another competent witness is required that includes any appropriate documentation.

The fact that the repurchase agreement was entered into by New Century Mortgage Company and Natixis prior to Debtors' loan, by itself, however, is insufficient to assert that Natixis did not purchase Debtors' loan under the repurchase agreement. It doesn't just positively prove that.

Second, Natixis to Morgan Stanley Mortgage Corporation, Inc. The Debtors assert there's nothing in the record showing that Debtors' loan was one of the mortgage loans obtained by Natixis in relation to the notice of default issued to New Century Mortgage on or about March 8th, 2007. The Debtors also assert that there's

nothing in the notice of disposition of mortgage loans issued on or about March 27, 2007 that indicates that Debtors' loan was included in the loans auctioned by Natixis on April 11, 2007.

Again, if the Debtors still contest that Debtors' loan was transferred by New Century Mortgage to Natixis under the repurchase agreement -- and I think that's -- then evidence in the form of a supplemental declaration of John Hatzoglou or some other competent witness is required that includes any appropriate documentation. Debtors also contend that any auction of the transferred loans conducted on April 11, 2007 was conducted in violation of the automatic stay in New Century Mortgage Corporation's bankruptcy case filed in Delaware on April 2nd, 2007.

However, this doesn't appear to be the case for two reasons. First, under Section 7(b)(9) of the repurchase agreement, the transactions were intended to be sales and title to the purchase loans transferred to Natixis and Natixis had free and unrestricted use of the purchase loans.

Second, under Section 25(b) of the repurchase agreement, either party's right to liquidate the repurchased loans delivered in connection with the transactions under the repurchase agreement is a right of liquidation under Bankruptcy Code Section 559. Bankruptcy

Code Section 559 provides that there is no stay of the contractual right of a repurchase agreement participant to liquidate under a repurchase agreement. I'm not going to quote all of that, but it starts with the words "The exercise of contractual right..." and goes through "or by reason of normal business practice." Bankruptcy Code Section 101(46) and 101(47) defines a repo participant and a repurchase agreement, and I'm not going to read that either. But the decision incorporates that down through (b) with the words, "... in a commercial mortgage loan."

So based on Bankruptcy Code Sections 559, 101(46), and 101(47), it appears that there is no stay with respect to Natixis' ability to liquidate the mortgage loans under the repurchase agreement post-petition. And so the Court is of the view that this part of Debtors' objection is a non-issue.

So that's where we are, gentlemen. What do you want to do?

MR. HINDS: Well, Your Honor --

THE COURT: Let me just tell you, I have a conundrum, an analytic conundrum that I've had in the relief from stay context too, and I haven't figured the answer out. Maybe other judges have. In these situations, if the Debtor is paying, that's fine. If the Debtor isn't paying but is putting money in an escrow account, that's

fine. But in the situations where the Debtor isn't doing anything; they're not paying; they're not putting the money in an escrow account; there's no equity in the property, I really struggled with the concept of what the Court should do, because on the one hand, the creditor isn't being protected. On the other hand, if I order the Debtor to put the monies in escrow and the Debtor doesn't do it, does it make any sense to grant relief from the stay to somebody who doesn't have standing, or at least hasn't established standing. So that's the conundrum.

If it was a relief from stay context and standing was clear, and it was just a matter of some kind of dispute, then it's easy. You say, okay, to preserve everybody's rights, you put the money in escrow, and if you don't, I grant relief from stay, because you're not adequately protecting the other side. But when standing is at issue, it doesn't seem appropriate to make somebody put money in escrow or even if it does make sense to put it in escrow, then what do you do if they don't? Do you grant relief to somebody who doesn't have standing, who hasn't established standing? So that's an issue that pervades a lot of the work that the Court is doing at this time. But I have a full calendar and we're not going to resolve that issue probably today.

But what do you want me to do as far as

scheduling this?

MR. VOISENAT: I believe we have a status conference coming up. Do you know when?

MR. HINDS: I don't know when.

MR. VOISENAT: Okay.

MR. HINDS: Your Honor, I'd have to order this transcript to make sure I respond in a number of the --

THE COURT: Sure. That's fine. You can get a copy of the CD in 24 hours if you're happy with that.

MR. HINDS: All right.

THE COURT: If you want to get a transcript, you can do that too.

MR. HINDS: My only issue, Your Honor, would be that the people at Natixis and to the extent we need to deal with New Century Mortgage, they're out of our control. We're pretty much at their mercy. And it took us a long time to get the documents that we --

THE COURT: Can't you subpoena them?

MR. HINDS: Well, we can, but we're trying to do it cooperatively, and it would take a lot longer by way of subpoena than -- in theory -- by way of cooperation.

THE COURT: Whatever you want. I'll do whatever you want, but we have to continue this injunction. Tell me what you want and when you want it, and I'll do it.

MR. HINDS: Can we reset for 30 days?

THE COURT: What's going to happen in 30 days, because I can't get papers at the last second. You have to find a date that you're going to -- and I suggest you go in the back of the courtroom, go out in the hall -- a date when you're going to file and when he's going to respond, and give me a week after that to come back to me, and I'll try to accommodate your schedule. But it doesn't make any sense to continue this 30 days if it's going to take you 30 days to get the information. And it's not easy, you're saying, so you let me know what's realistic for you, and I'll do whatever you want.

MR. HINDS: Thank you, Your Honor.

MR. VOISENAT: Thank you, Your Honor. We'll just come back when we get some dates?

THE COURT: Yeah, yeah, you just come back and sit at the chair, and I'll note that you're here, and when I have a moment, I'll take care of you.

MR. HINDS: Thank you.

MR. VOISENAT: Thank you.

(Whereupon, extraneous matters are heard, and this matter is recalled at 2:58 p.m.)

THE COURT: What's the name of your case?

MR. HINDS: Caporale.

THE COURT: This is No. 4, Caporale versus Saxon. May I have appearances?

MR. VOISENAT: Marc Voisenat for the Plaintiffs.

MR. HINDS: Your Honor, Desmond Hinds for Saxon and for Deutsche Bank. Your Honor, at your instruction, we went out and discussed scheduling. If it's acceptable to the Court, what we decided to do is, I'll go back, talk to my client, find out what a reasonable turnaround would be for the evidence. Mr. Voisenat would want to consider maybe taking a deposition of the declarant. We'll build in some time for that, and then we'll report back to your clerk with the scheduling order, hopefully next week.

THE COURT: Yeah, fine. So do you want me to take this off calendar or continue it out?

MR. HINDS: I'd like to continue it out temporarily. I mean --

THE COURT: What does temporarily mean?

MR. HINDS: It means I don't want to take it off calendar.

THE COURT: Yeah, that's fine. So why don't I just continue it to April 22nd, at 2:15 with the understanding that you can move it forward or backward, but at least it's on calendar. 4-22, at 2:15 and that's scheduling only.

MR. VOISENAT: Right. Thank you, Your Honor.

MR. HINDS: Thank you, Your Honor.

(Whereupon, the proceedings are concluded at 2:59 p.m.)

CERTIFICATE OF TRANSCRIBER

I certify that the foregoing is a correct transcript from the digital sound recording of the proceedings in the above-entitled matter.

DATED: February 26, 2010

/s/ Jo McCall

## PROOF OF SERVICE

*Caporale v. Saxon*
**USBC, Northern District (San Jose)**
**Adversary Case No. (09-05050)**

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 11601 Wilshire Blvd., Suite 800, Los Angeles, CA 90025.

On November 6, 2009, I served the document, **BRIEF OF DEFENDANTS RE DOCUMENTATION FOR THE TRANSFFER OF THE SUBJECT PROMISSORY NOTE AND DEED OF TRUST TO DEFENDANTS; DECLARATION OF MATTHEW W. GREY AND EXHIBITS IN SUPPORT THEREOF**, on the interested parties in this action by placing trust copies thereof enclosed in a sealed envelope(s) addressed as stated below:

**SEE ATTACHED SERVICE LIST**

☐ **(BY MAIL)**: I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ **(BY FACSIMILE TRANSMISSION)**: I caused a true copy thereof from sending facsimile machine telephone number 310-909-8001 to be sent via facsimile to the above listed names and facsimile numbers and received confirmed transmission reports indicating that this document was successfully transmitted to the parties named above.

☒ **(VIA OVERNIGHT MAIL)**: I deposit such envelope to be placed for collection and handling via UPS following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for UPS. On the same day that material is placed for collection, it is picked by UPS at Los Angeles, California.

☐ **(BY HAND DELIVERY)**: I caused each such envelope(s) to be delivered by hand to the addressee(s) mentioned in the attached service/mailing list.

☐ **(BY ELECTRONIC MAIL)** By transmitting a true copy thereof to the electronic mail addresses as indicated below.

I declare under penalty of perjury under the laws of the United States that the above true and correct and was executed on November 6, 2009, at Los Angeles, California.

________________________
Robin Mojica



Case: 09-05050 Doc# 74 Filed: 05/06/10 Entered: 05/06/10 14:41:15 Page 22 of 23

## PROOF OF SERVICE

***Caporale v. Saxon***
**USBC, Northern District (San Jose)**
**Adversary Case No. (09-05050)**

Marc Voisenat
LAW OFFICE OF MARC VOISENAT
1330 Broadway, Suite 1035
Oakland, CA 94612

Tel: (510) 272-9710
Fax: (510) 272-9158



Case: 09-05050 Doc# 74 Filed: 06/08/10 Entered: 06/08/10 14:41:15 Page 23 of 23