Desmond J. Hinds, Esq. (SBN: 105831)
dhinds@hinshawlaw.com
Gary E. Devlin, Esq. (SBN: 210517)
gdevlin@hinshawlaw.com
HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
Telephone: 310-909-8000
Facsimile: 310-909-8001

**Attorneys for Defendants
SAXON MORTGAGE SERVICES INC.;
DUETSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE FOR
MORGAN STANLEY, MSAC 2007-NC3**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| In Re<br><br>RICHARD SOUZA CAPORALE and ISABEL SOUZA CAPORALE,<br><br>Debtors. | **Adv. Case No. 09-05050**<br>[Hon. Arthur S. Weissbrodt; Courtroom "3020"]<br><br>(Related Chapter 7 Case No. 07-54109) |
| RICHARD SOUZA CAPORALE and ISABEL SOUZA CAPORALE,<br><br>Plaintiffs,<br><br>vs.<br><br>SAXON MORTGAGE SERVICES INC., DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR MORGAN STANLEY, MSAC 2007-NC3; AND DOES 1-10,<br><br>Defendants. | **DECLARATION OF JOHN HATZOGLOU IN SUPPORT OF DEFENDANTS' SUPPLEMENTAL BRIEF RE ADDITIONAL DOCUMENTATION EVIDENCING THE TRANSFER OF THE SUBJECT LOAN**<br><br>DATE: May ___, 2010<br>TIME: 2:15 P.M.<br>CRTRM: "3020" |

1.  I am an individual residing in New York, New York. I am a vice president of Natixis North America Inc. I have served as a vice president at Natixis North America Inc. since 2005.

2.  I submit this declaration in support of the Supplemental Brief of Defendants Saxon Mortgage Services, Inc. and Deutsche Bank National Trust Company as Trustee for Morgan Stanley, MSAC 2007-NC3 regarding documentation for transfer of a mortgage loan issued to Richard and Isabel Caporale in the amount of $930,000 which, according to my records, relates to the residential property located at 14943 Conway Ave., San Jose, California (the "Subject Mortgage Loan"). I have personal knowledge of the facts set forth below and, if called and sworn as a witness, I could and would competently testify thereto.

3.  In or about March 2007 IXIS North America Inc., and its subsidiaries, including, IXIS Real Estate Capital Inc., the "Buyer" under the Fifth Amended and Restated Master Purchase Agreement [**Exhibit D** hereto; see ¶4 below], changed their names from IXIS to Natixis. Thus, the parent corporation, IXIS North America Inc., became Natixis North America Inc. and its subsidiary, IXIS Real Estate Capital Inc., became Natixis Real Estate Capital Inc. Attached hereto as **Exhibits A and B** are true and correct copies of the Certificates of Amendment of the Certificate of Incorporation of IXIS North America Inc. and IXIS Real Estate Capital Inc. Attached hereto as **Exhibit C** is a true and correct copy of the notice of name change dated March 15, 2007 issued by Natixis North America Inc. to interested parties.

4.  On or about November 10, 2006, Natixis Real Estate Capital Inc. entered into a certain Fifth Amended and Restated Master Repurchase Agreement, dated as of November 10, 2006 (as amended, restated, supplemented or otherwise modified and in effect from time to time, the "Repurchase Agreement"), by and among NC Capital Corporation ("NC Capital"), New Century Mortgage Corporation ("New Century"), NC Asset Holding, L.P. ("NC Asset Holding"), Home123 Corporation ("Home123"),

31165902v1898356 68313

New Century Credit Corporation ("NC Credit"), together with NC Capital, New Century, Home123 and NC Asset Holding, collectively, the "Sellers") and Natixis Real Estate Capital Inc. f/k/a/ IXIS Real Estate Capital Inc. (the "Buyer" or "Natixis") and consented and agreed to by New Century Financial Corporation (the "Guarantor"). Attached hereto as **Exhibit D** is a true and correct copy of the Repurchase Agreement.

5. Pursuant to the Repurchase Agreement, Natixis purchased a portfolio of approximately 3,500 residential mortgage loans, originated by Sellers and/or their affiliates, having an aggregate unpaid principal balance of approximately $799 million (the "Transferred Loans"). The Subject Mortgage Loan was included within the portfolio of the Transferred Loans. Attached hereto as **Exhibit E** is a true and correct abstract of the Basic Status Report issued as of April 19, 2007 identifying the Subject Mortgage Loan.

6. On or about April 20, 2007, pursuant to an agreement denominated Mortgage Loan Purchase and Interim Servicing Agreement dated as of April 20, 2007 (the "April 2007 Agreement)", Natixis Real Estate Capital Inc., the seller, sold to Morgan Stanley Mortgage Capital Inc. ("Morgan Stanley Mortgage Capital"), the purchaser, all of the Natixis' right, title and interest in and to certain residential mortgage loans. A true and correct copy of the Agreement is attached hereto as **Exhibit F**.

7. Morgan Stanley Mortgage Capital was the successful bidder in a UCC auction conducted by Natixis for the sale of certain mortgage loans including the Subject Mortgage Loan. A true and correct copy of the page of the Mortgage Loan

///

///

3

Schedule for the April 2007 Agreement identifying the Subject Mortgage Loan as one of the loans transferred pursuant to the April 2007 Agreement is attached hereto as **Exhibit G**.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration is executed this 13th day of May, 2010 in New York, New York.

_____
John Hatzoglou

# PROOF OF SERVICE

*Caporale v. Saxon*
**USBC, Northern District (San Jose)**
**Adv Case No. (09-05050)**

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 11601 Wilshire Blvd., Suite 800, Los Angeles, CA 90025.

On [[NO AUTOMATIC DATING HERE]]_____, 2009, I served the document, **CAPTION**, on the interested parties in this action by placing trust copies thereof enclosed in a sealed envelope(s) addressed as stated below:

**SEE ATTACHED SERVICE LIST**

☐ **(BY MAIL):** I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ **(BY FACSIMILE TRANSMISSION):** I caused a true copy thereof from sending facsimile machine telephone number 310-909-8001 to be sent via facsimile to the above listed names and facsimile numbers and received confirmed transmission reports indicating that this document was successfully transmitted to the parties named above.

☐ **(VIA OVERNIGHT MAIL):** I deposit such envelope to be placed for collection and handling via UPS following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for UPS. On the same day that material is placed for collection, it is picked by UPS at Los Angeles, California.

☐ **(BY HAND DELIVERY):** I caused each such envelope(s) to be delivered by hand to the addressee(s) mentioned in the attached service/mailing list.

☐ **(BY ELECTRONIC MAIL)** By transmitting a true copy thereof to the electronic mail addresses as indicated below.

I declare under penalty of perjury under the laws of the United States that the above true and correct and was executed on [[NO AUTOMATIC DATING HERE]]_____, 2009, at Los Angeles, California.

****

# PROOF OF SERVICE

*Caporale v. Saxon*
USBC, Northern District (San Jose)
Adv Case No. (09-05050)

Marc Voisenat
LAW OFFICE OF MARC VOISENAT
1330 Broadway, Suite 1035
Oakland, CA 94612

Tel: (510) 272-9710
Fax: (510) 272-9158